Filing # 11899282 Electronically Filed 03/28/2014 05:00:36 PM

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

BRUCE SCHOJAN, SEAN TIMMONS,
and CHRISTOPHER TOLLERTON,
Individually and on behalf of all
others similarly situated,

      Plaintiffs,

vs.

PAPA JOHN'S INTERNATIONAL, INC.,
and TBAKER PIZZAMAKER, LLC
d/b/a PAPA JOHN'S #1219

      Defendant.

_____/

CASE NO.: *Pending*

DIVISION:

CLASS REPRESENTATION

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiffs, Bruce Schojan, Sean Timmons, and Christopher Tollerton, individually, and on

behalf of all others similarly situated, sue the defendants, Papa John's International, Inc., and

Tbaker Pizzamaker, LLC d/b/a Papa John's #1219, and allege as follows:

    1.    This is a class action for damages in excess of Fifteen Thousand Dollars

($15,000.00), exclusive of interest, costs and attorneys' fees, and injunctive relief resulting from

Defendants charging sales tax on delivery fees for orders placed by its customers in violation

of Florida law.

    2.    A substantial part of the acts or omissions giving rise to the claims asserted in

this Complaint occurred within Hillsborough County, Florida.   Additionally, at all times relevant

to this Complaint, Defendants owned and operated locations in Florida.

### PARTIES

    3.    Plaintiff, Bruce Schojan, is an individual residing in Pinellas County, Florida.

    4.    Plaintiff, Sean Timmons, is an individual residing in Hillsborough County, Florida.

    5.    Plaintiff, Christopher Tollerton, is an individual residing in Hillsborough County,

Florida.



EXHIBIT
D

6.     Defendant, Papa John's International, Inc. ("Papa John's") is a corporation headquartered in Louisville, Kentucky.  Papa John's owns thousands of restaurant chains throughout the world offering pizza and other food for sale to the public. Papa John's individually owns and franchises 274 locations in Florida.  The company holds a financial interest in every store located in Florida.

7.     Defendant, Tbaker Pizzamaker, LLC d/b/a Papa John's # 1219 ("Tbaker Pizzamaker") is a franchise owner of a Papa John's store located in Pinellas County, Florida.

## FACTS

### a.  Facts Common to All Class Members

8.     Defendants offer pizza and other foods for sale to the general public.  A customer may order pizza and food from Defendants either in person at the store location, over the phone, or through the internet website, www.papajohns.com, which redirects customers to order.papajohns.com/index.html.

9.     When placing an order with any Papa John's Florida location, customers may physically go to the store where they placed the order to pick up their food or, at the customers' option, Defendants will deliver the food to the customer.  If a customer elects to have their food order delivered, Defendants charge the customer a delivery fee, which is listed separately on the Defendants' purchase receipt.

10.     Papa John's and all of its franchised Papa John's locations throughout Florida charge customers a sales tax on the delivery fee.

11.     The billing practice for charging sales tax on delivery fees was orchestrated and mandated by Papa John's and is followed, without exception, by every Papa John's Florida franchise store at the direction of Papa John's.  Papa John's franchise stores are instructed and required to collect sales tax on delivery fees.

2

12.     Papa John's proprietary PROFIT System, point-of sale technology ("Profit System"), was integrated into all traditional Papa John's locations. The Profit System provides nationwide digital ordering for customers and provides locations with a fast and supposedly accurate method for order taking and pricing. The Profit System from Papa John's dictates the method used for calculating pricing, including sales tax charges, which franchise owner's utilize, at the direction of Papa John's, to create bills for its customers.

13.     In Florida, sales tax may only be imposed on the total sales price of taxable tangible property. The sales price is the total amount paid for tangible goods, including services that are part of the sale; however, when a customer has the option to either pick up the goods or have the goods delivered by the seller, a seller may not legally charge sales tax on a separate charge for delivery.

14.     For every pizza ordered from Papa John's, a customer has the option to pick up the pizza or have it delivered. Accordingly, Papa John's and its franchise owners are not legally permitted to charge sales tax on a delivery fee charged for customers who elect to have their food delivered.

15.     Despite clear Florida law to the contrary, Papa John's and its franchise stores have in the past charged and continues to charge sales tax on delivery fees. As a result, every customer who has ordered a pizza for delivery from any Papa John's location in Florida has paid excess sales tax that Defendants and other franchise owners were not entitled to collect.

### b.     Facts as to Plaintiff Bruce Schojan

16.     On February 4, 2013, Plaintiff Schojan placed an order online with a Papa John's location in Pinellas County, Florida, owned by franchise owner, Tbaker Pizzamaker. Plaintiff Schojan selected the option of having the order delivered as opposed to picking up the order at the store. The total charge for the food ordered was $28.00. Additionally, Defendants charged a $3.00 delivery fee. The applicable sales tax rate for the charge was 7%. The total

3

sales tax charged on the order was $2.17.  Under Florida law, Defendants were only permitted to charge $1.96 in sales tax—7% of the $28.00 food charge.  Accordingly, Defendants required Plaintiff Schojan to pay an additional $0.21 in sales tax for a non-taxable service.

17.    On February 20, 2013, Plaintiff Schojan placed an order online with a Papa John's location in Pinellas County, Florida, owned by franchise owner, Tbaker Pizzamaker. Plaintiff Schojan selected the option of having the order delivered as opposed to picking up the order at the store.  The total charge for the food ordered was $30.00.  Additionally, Defendants charged a $3.00 delivery fee.  The applicable sales tax rate for the charge was 7%.  The total sales tax charged on the order was $2.31.  Under Florida law, Defendants were only permitted to charge $2.10 in sales tax—7% of the $30.00 food charge.  Accordingly, Defendants required Plaintiff Schojan to pay an additional $0.21 in sales tax for a non-taxable service.

18.    On April 5, 2013, Plaintiff Schojan placed an order online with a Papa John's location in Pinellas County, Florida, owned by franchise owner, Tbaker Pizzamaker.  Plaintiff Schojan selected the option of having the order delivered as opposed to picking up the order at the store.  The total charge for the food ordered was $32.00.  Additionally, Defendants charged a $3.00 delivery fee.  The applicable sales tax rate for the charge was 7%.  The total sales tax charged on the order was $2.45.  Under Florida law, Defendants were only permitted to charge $2.24 in sales tax—7% of the $32.00 food charge.  Accordingly, Defendants required Plaintiff Schojan to pay an additional $0.21 in sales tax for a non-taxable service.

19.    On November 7, 2013, Plaintiff Schojan placed an order online with a Papa John's location in Pinellas County, Florida, owned by franchise owner, Tbaker Pizzamaker. Plaintiff Schojan selected the option of having the order delivered as opposed to picking up the order at the store.  The total charge for the food ordered was $0.00 (this was a free pizza deal). However, Defendants still charged a $3.00 delivery fee.  The applicable sales tax rate for the charge was 7%.  The total sales tax charged on the order was $0.21.  Under Florida law,

Defendants were not permitted to charge sales tax as there was no cost for the food. Accordingly, Defendants required Plaintiff Schojan to pay an additional $0.21 in sales tax for a non-taxable service.

### c.      Facts as to Sean Timmons

20.      On or about March 25, 2014, Plaintiff Timmons placed an order with a Papa John's located at 512 East Hillsborough Avenue, Tampa, Florida, 33604 that is owned by Papa John's. Plaintiff Timmons selected the option of having the order delivered as opposed to picking up the order at the store. The applicable sales tax rate for the charge was 7%. Under Florida law, Defendant was only permitted to charge sales tax on the food charge. However, Papa John's charged sales tax on the delivery fee in violation of Florida law. Accordingly, Defendant required Plaintiff Timmons to pay additional sales tax for a non-taxable service.

### d.      Facts as to Christopher Tollerton

21.      On November 10, 2013, Plaintiff Tollerton placed an order with a Papa John's location in Hillsborough County, Florida, owned by Papa John's. Plaintiff Tollerton selected the option of having the order delivered as opposed to picking up the order at the store. The total charge for the food ordered was $22.00. Additionally, Defendant charged a $3.00 delivery fee. The applicable sales tax rate for the charge was 7%. The total sales tax charged on the order was $1.75. Under Florida law, Defendant was only permitted to charge $1.54 in sales tax—7% of the $22.00 food charge. Accordingly, Defendant required Plaintiff Stern to pay an additional $0.21 in sales tax for a non-taxable service.

### CLASS REPRESENTATION ALLEGATIONS

22.      Common issues predominate when, as here, liability can be determined on a class wide basis, even when there will be some individualized damages and determinations.

23.      There are questions of law and fact that are common to the Plaintiffs' and Class Members' claims. These common questions predominate over any question that goes

particularly to any individual member of the Class.  Among such common questions of law and

fact are the following:

    a.     Whether Defendants provided customers with an option to choose either carry-out or delivery for food ordered at a Papa John's location in Florida.

    b.     Whether Defendants charged a sales tax on the delivery fee charged to its customers who selected to have their food delivered.

    c.     Whether Defendants were negligent in charging sales tax on delivery fees.

    d.     Whether Defendants negligently misrepresented that a sales tax was owed on delivery fees charged to its customers.

    e.     Whether Defendants negligently calculated the sales tax owed by its customers for delivery orders.

24.     When determining whether common questions predominate, courts focus on

the liability issue, and, if the liability issue is common to the class as is the case at bar,

common questions will be held to predominate over individual questions. In this case, each

proposed class member who ordered a pizza from a Papa John's location in Florida and

selected to have the order delivered paid sales tax on the delivery fee charged by Defendants

and other franchise owners.  The question of liability is identical for every Florida customer as

the Florida law governing sales tax is applied universally throughout the State.  While the

specific damages each customer suffered will vary depending on the tax rate of the county or

city where the order was placed, the question as to whether Defendants are liable for charging

sales tax on delivery fees is common to the entire class.  Accordingly, the issue of liability will

predominate over the individual question of specific damages suffered by each individual.

25.     Prosecuting separate actions by or against individual class members would

create a risk of inconsistent or varying adjudications with respect to individual class members

that would establish incompatible standards of conduct for the party opposing the class.

26.     Defendants have acted or failed to act in a manner generally applicable to the

class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the class as a whole.

27.     Plaintiffs bring this action against Defendants pursuant to Florida Rule of Civil Procedure 1.220 on behalf of themselves and all others similarly situated.  Plaintiffs seek to certify the following class:

> **All individuals who ordered food from any Papa John's location in the State of Florida and selected to have their order delivered, were charged a delivery fee, and charged and paid sales tax on the itemized delivery fee.**

28.     Excluded from this class are Defendants, its affiliates, subsidiaries, agents, board members, directors, officers, and employees, and Plaintiffs' counsel.

29.     Plaintiffs reserve the right to modify or amend the definitions of the proposed class before the Court determines whether certification is appropriate.

30.     The individual class members are numerous and joinder of all members is impracticable.  According to a 2013 annual report, Papa John's Corporate has 274 locations in Florida.  The number of orders placed by customers who selected to have their order delivered during the time relevant to this Complaint is substantial.

31.     The individual class members are ascertainable as the names, orders, and addresses of all class members can be identified in the business records maintained by the Defendants.  Plaintiffs do not anticipate any difficulties in the management of the action as a class action.

32.     Plaintiffs are members of the Class.  Plaintiffs' claims are typical of the claims of the Class because of the similarity, uniformity, and common purpose of the unlawful conduct of Defendants.  Each class member has sustained, and may sustain damages in the future, in the same manner as Plaintiffs as a result of Defendants' wrongful conduct.

33.     Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class.  Plaintiffs are committed to the vigorous prosecution of this

action and have retained competent counsel, experienced in litigation of this nature, to

represent them.  There is no hostility between Plaintiffs and unnamed class members.

Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

     34.    A class action is superior to individual actions in part because of the non-

exhaustive factors listed below:

    a.    Individual claims by class members are impractical because the costs to pursue individual claims exceed the value of what any one class member has at stake. As a result, individual class members have no interest in prosecuting and controlling separate actions, yet if the action is not prosecuted, Defendants will continue their wrongful actions;

    b.    There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

    c.    The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

    d.    Individual suits would not be cost effective or economically maintainable as individual actions; and

    e.    The action is manageable as a class action.

## COUNT I
## NEGLIGENCE
## PAPA JOHN'S INTERNATIONAL, INC.

     35.    Plaintiffs reallege the preceding paragraphs.

     36.    Papa John's owed Plaintiffs, and all others similarly situated, a duty to exercise

reasonable care to determine, represent, and charge the correct amount of sales tax on food

and services delivered to its customers.

     37.    Papa John's was negligent and breached its duty of reasonable care in the

following the following respects:

    a.    Papa John's negligently misrepresented a sales tax for food delivered to customers that included a sales tax on Defendant's delivery fee.

    b.    Papa John's charged and collected sales tax on delivery fees charged to its customers in violation of Florida law.

38.    As a direct and proximate result of Papa John's negligence, Plaintiffs, and all others similarly situated, paid sales tax on non-taxable services.

WHEREFORE, Plaintiff, Bruce Schojan and Michael Stern, on behalf of themselves and all others similarly situated, sue Defendant, Papa John's International, Inc., for compensatory damages and costs of this action and demands trial by jury of all matters triable as of right by a jury.

## COUNT II
## NEGLIGENCE
## TBAKER PIZZAMAKER,LLC

39.    Plaintiff, Bruce Schojan, realleges the preceding paragraphs.

40.    Tbaker Pizzamaker owed Plaintiff Schojan, and all others similarly situated, a duty to exercise reasonable and prudent efforts to determine, represent, and charge the correct amount of sales tax on delivery orders.

41.    Tbaker Pizzamaker was negligent and breached its duty of reasonable care in the following the following respects:

   a.    Tbaker Pizzamaker negligently misrepresented a sales tax for food delivered to customers that included a sales tax on Defendant's delivery fee.

   b.    Tbaker Pizzamaker charged and collected sales tax on delivery fees charged to its customers in violation of Florida law.

42.    As a direct and proximate result of Tbaker Pizzamaker's negligence, Plaintiff Schojan, and all others similarly situated, paid sales tax on non-taxable services.

WHEREFORE, Plaintiff, Bruce Schojan, on behalf of himself and all others similarly situated, sue Defendant, Tbaker Pizzamaker, LLC, for compensatory damages and costs of this action and demands trial by jury of all matters triable as of right by a jury.

## COUNT III
## DECLARATORY AND INJUNCTIVE RELIEF
## ALL DEFENDANTS

43.    Plaintiffs reallege the preceding paragraphs.

9

44.     This is an action for declaratory and permanent injunctive relief.

45.     As described above, Defendants charge and collect sales tax on delivery fees charged to its customers.

46.     Florida Administrative Code 12A-1.045 precludes sales tax from being charged on delivery services of goods where the purchaser has the option of picking put the goods or having the good delivered by the seller.

47.     Defendants' give customers the option of picking up orders at the location where the order is made or having the order delivered.  If the customer chooses delivery, Defendants add a delivery fee to the order and charge sales tax on the fee.

48.     The additional sales tax is charged in violation of Florida law.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, seek declaratory and permanent injunctive relief precluding Defendants from charging sales tax on delivery fees charged to its customers in Florida.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, on behalf of themselves and all others similarly situated, demand trial by jury on all issues so triable.

WHEREFORE, Plaintiffs pray that this Court certify this case as a class action and allow Plaintiffs to pursue claims and relief described hereinabove on behalf of themselves and all others similarly situated; that the Court certify the class identified above; that Plaintiffs be awarded the maximum amount of damages allowed by applicable law; declaratory and

injunctive relief, pre-judgment interest; for a trial by jury on all issues so triable; for attorneys' fees, costs; and all other appropriate relief.

Dated this day 28th of March, 2014.

ALAN F. WAGNER, ESQUIRE
Florida Bar No. 0374105
JASON WHITTEMORE, ESQUIRE
Florida Bar No. 0037256
Wagner, Vaughan & McLaughlin, P.A.
601 Bayshore Blvd., Suite 910
Tampa, Florida  33606
(813) 225-4000
Primary e-mail:  AlanWagner@WagnerLaw.com
Secondary e-mail:  Jason@WagnerLaw.com
Secondary e-mail:  Vicky@WagnerLaw.com
Attorneys for Plaintiffs

Filing # 11899282 Electronically Filed 03/28/2014 05:00:36 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

I.      **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>THIRTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Bruce Schojan, Sean Timmons, Christopher Tollerton</u>
Plaintiff
vs.
<u>Papa Johns International, Inc., Tbaker Pizzamaker, LLC d/b/a Papa Johns #1219</u>
Defendant

II.     **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☒ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

III.   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☐   Non-monetary
   ☒   Non-monetary declaratory or injunctive relief;
   ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (      )**
   (Specify)

   3

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☒   Yes
   ☐   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Jason Kyle Whittemore     FL Bar No.: 37256
    Attorney or party          (Bar number, if attorney)

Jason Kyle Whittemore          03/31/2014
    (Type or print name)           Date

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

BRUCE SCHOJAN, SEAN TIMMONS,
and CHRISTOPHER TOLLERTON,
Individually and on behalf of all
others similarly situated,

      Plaintiffs,

vs.

PAPA JOHN'S INTERNATIONAL, INC.,
PAPA JOHN'S USA, INC.,
and TBAKER PIZZAMAKER, LLC
d/b/a PAPA JOHN'S #1219

      Defendants.
_____/

CASE NO.:   14-CA-003491

DIVISION:   C

CLASS REPRESENTATION

**NOTICE OF SERVICE OF PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT,
PAPA JOHN'S INTERNATIONAL, INC.**

      Plaintiff, BRUCE SCHOJAN, by and through the undersigned attorneys, herein serves these

First Interrogatories upon the defendant, PAPA JOHN'S INTERNATIONAL, INC., and request answers

in accordance with the applicable Rules of Civil Procedure.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY, that an original and one true copy of the foregoing will be served upon the

Defendant, PAPA JOHN'S INTERNATIONAL, INC. with the First Amended Complaint served in this

cause and that a copy was served upon all other parties to this action with the service of the First

Amended Complaint.

      Dated this day ____ of April, 2014.

                                             _____
                                           ALAN F. WAGNER, ESQUIRE
                                           Florida Bar No. 0374105
                                         JASON WHITTEMORE, ESQUIRE
                                         Florida Bar No. 0037256
                                         Wagner, Vaughan & McLaughlin, P.A.
                                         601 Bayshore Blvd., Suite 910
                                         Tampa, Florida 33606
                                         (813) 225-4000
                                         Primary e-mail: AlanWagner@WagnerLaw.com
                                         Secondary e-mail: Jason@WagnerLaw.com
                                         Secondary e-mail: Vicky@WagnerLaw.com
                                         Attorneys for Plaintiffs

1

**<u>PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT,</u>**
**<u>PAPA JOHN'S INTERNATIONAL, INC.</u>**

1. Identify each Papa John's restaurant physically located in the State of Florida at any time after April 1, 2010, stating for each:

   a. its physical location (address), including the County;

   b. its store number or other identifying name to distinguish it from other Papa John's restaurants;

   c. the identity (name, address) of its owner(s);

   d. the periods during which it has delivered pizza or food to customers in the state of Florida;

   e. the periods during which it has permitted customers to pick up pizza ordered telephonically, via the internet or by any Papa John's ordering app;

   f. the sales tax rate applicable and paid by customers.

**ANSWER:**

2.      With respect to each Papa John's restaurant physically located in Florida at any time after April 1, 2010, that: a) delivered pizza or food to customers located in Florida; and, b) permitted the customer to pick up their order instead of having it delivered, state for each month since April 1, 2010:

   a.      its store number or other identifying name to distinguish it from other Papa John's restaurants;

   b.      its gross sales (excluding delivery charges, tips, and sales exempt from sales tax) for all orders that were delivered to the customer and for which a delivery charge was levied;

   c.      the total sales tax collected for all orders that were delivered to customers and for which a delivery charge was levied;

   d.      the number of pizza or food deliveries for each month since April 1, 2010;

   e.      the charge for a single delivery of food and the total delivery charges for the month;

   f.      the amount of sales tax collected for any charge or fee for delivery for each month since April 1, 2010;

   g.      the total sales tax paid to the State of Florida or any governmental entity for sales tax owed for sales during each month since April 1, 2010, specifying the identity of the entity to whom the payment was made and the amount of each payment;

   h.      the sales tax rate charged to customers for each month since April 1, 2010;

   i.      whether all sales tax collected on delivery charges were paid to the State of Florida or other governmental entities.

**ANSWER:**

3.    List the names and addresses of all persons who are believed or known by you, your agents, or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.  Without limiting the forgoing request, your answer should include, but should not be limited to:

a.    the person(s) who made or were involved in the decision to charge sales tax on delivery fees in Florida;

b.    the person(s) who knew that sales tax was being charged on delivery fees in Florida;

c.    the identity of person(s) who have knowledge regarding the technical capabilities and operation of the proprietary digital ordering platform allowing customers to order online (as referenced in your most recent annual report and 10-K filing and), specifically, the ordering platform charging sales tax on orders for deliveries in Florida, the storage of data related to online orders; and the calculation of sales tax on orders;

d.    the identity of person(s) who have knowledge regarding the technical capabilities and operation of the PROFIT System point of sale technology to facilitate fast and accurate order-taking and pricing  (as referenced in your most recent annual report and 10-K filing and), specifically, the ordering platform charging sales tax on orders for deliveries in Florida, the storage of data related to online orders; and the calculation of sales tax on orders;

e.    the person(s) responsible for implementation of policies, instructions, operations, training,  and store management with respect to the charging and collection of sales tax;

f.    the person(s) responsible for maintaining records concerning the collection and payment of sales tax on sales of pizza or food or deliveries in Florida;

g.    the person(s) responsible for the calculation of sales tax due in Florida for sales or deliveries of food in Florida;

h.    the person(s) responsible for paying sales tax to the State of Florida or any governmental agency in Florida;

i.    the person(s) responsible for preparing or filing Florida sales tax returns;

j.    the person(s) who have ever received, investigated, or responded to an inquiry, question, or complaint from any source regarding the practice of charging sales tax on delivery fees in Florida;

k.    the person(s) who have ever made any inquiry or investigation into the propriety of charging sales tax on delivery fees in Florida;

l.    the person(s) who have at any time communicated to you that it was proper, permissible or allowable to collect sales tax on Florida deliveries of food;

**ANSWER:**

4.      Identify any lawyer, accountant, tax specialist, or other professional employed or retained by you to determine whether it was appropriate, permissible, required or lawful to charge or collect sales tax on deliveries of pizza or food in the State of Florida.

**ANSWER:**

5.      For what period of time has sales tax been charged on delivery fees in Florida?

**ANSWER:**

6.      Is sales tax still being charged on delivery fees in Florida?

**ANSWER:**

## VERIFICATION PAGE

_____
PAPA JOHN'S INTERNATIONAL, INC.


STATE OF _____

COUNTY OF _____


     **BEFORE ME** personally appeared _____ who is personally known and/or produced the following identification _____ and being first duly sworn, deposes and says that he/she executed the foregoing Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

     **SWORN TO AND SUBSCRIBED** before me this _____ day of _____, 20___.

                _____
                Notary Public


                _____
                Notary - Printed name

                My Commission Expires: _____

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

BRUCE SCHOJAN, SEAN TIMMONS,
and CHRISTOPHER TOLLERTON,
Individually and on behalf of all
others similarly situated,

      Plaintiffs,

vs.

PAPA JOHN'S INTERNATIONAL, INC.,
PAPA JOHN'S USA, INC.,
and TBAKER PIZZAMAKER, LLC
d/b/a PAPA JOHN'S #1219

      Defendants.

_____/

CASE NO.:    14-CA-003491

DIVISION:    C

CLASS REPRESENTATION

### NOTICE OF SERVICE OF PLAINTIFFS' FIRST REQUEST TO PRODUCE TO DEFENDANT, PAPA JOHN'S INTERNATIONAL, INC.

Plaintiff, BRUCE SCHOJAN, by and through the undersigned counsel, in accordance with the applicable Rules of Civil Procedures, requests the defendant, PAPA JOHN'S INTERNATIONAL, INC., to produce to the plaintiff for the purpose of inspection and copying the documents and electronically stored information (herein "documents") described in the attached list.

### REQUEST TO PRODUCE

1.    The standard form franchise agreement for a Papa John's restaurant in Florida at any time after April 1, 2010.

2.    All documents provided to any Papa John's franchisee located in the State of Florida at any time after April 1, 2010, that describe, discuss, or refer to deliver fees.

3.    All documents provided to any Papa John's franchisee located in the State of Florida since April 1, 2010, that describe, discuss, or refer to a) the collection of sales tax; b) the payment of sales tax; c) the charging of sales tax; or, d) the charging of sales tax on delivery fees.

4.    All documents that describe the method by which a franchisee located in the State of Florida at any time after April 1, 2010, should calculate the amount that should be charged for an order delivered to a customer.

5.    All documents relating to any investigation, research, or work performed by you to determine whether it is appropriate, permissible, or lawful to charge or collect sales tax on a delivery fee in the State of Florida.

6.   All documents relating to any question, inquiry, or complaint by any customer, consumer, or third party relating to a sales tax charge on a delivery fee in Florida or the practice of charging sales tax for a delivery fee in Florida.

7.   Any document received by you from the State of Florida or any governmental entity in the State of Florida relating to the collection or payment of sales tax on delivery fees.

8.   Any document memorializing or containing any communication to any franchisee, employee, or agent of yours stating, implying or suggesting, in words or substance, that it was or was not permissible, appropriate, or lawful to charge sales tax on a delivery fee in Florida.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that the foregoing will be served upon the Defendant, PAPA JOHN'S

INTERNATIONAL, INC. with the First Amended Complaint served in this cause and that a copy was

served upon all other parties to this action with the service of the First Amended Complaint.

Dated this day ____ of April, 2014.

_____
ALAN F. WAGNER, ESQUIRE
Florida Bar No. 0374105
JASON WHITTEMORE, ESQUIRE
Florida Bar No. 0037256
Wagner, Vaughan & McLaughlin, P.A.
601 Bayshore Blvd., Suite 910
Tampa, Florida  33606
(813) 225-4000
Primary e-mail:  AlanWagner@WagnerLaw.com
Secondary e-mail:  Jason@WagnerLaw.com
Secondary e-mail:  Vicky@WagnerLaw.com
Attorneys for Plaintiffs

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

BRUCE SCHOJAN, SEAN TIMMONS,
and CHRISTOPHER TOLLERTON,
Individually and on behalf of all
others similarly situated,

      Plaintiffs,

vs.

PAPA JOHN'S INTERNATIONAL, INC.,
PAPA JOHN'S USA, INC.,
and TBAKER PIZZAMAKER, LLC
d/b/a PAPA JOHN'S #1219

      Defendants.
_____/

CASE NO.:    14-CA-003491

DIVISION:    C

CLASS REPRESENTATION

### NOTICE OF SERVICE OF PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, TBAKER PIZZAMAKER, LLC, d/b/a PAPA JOHN'S #1219

Plaintiff, CHRISTOPHER TOLLERTON, by and through the undersigned attorneys, herein serves these First Interrogatories upon the defendant, TBAKER PIZZAMAKER, LLC, d/b/a PAPA JOHN'S #1219, and request answers in accordance with the applicable Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that an original and one true copy of the foregoing will be served upon the Defendant, TBAKER PIZZAMAKER, LLC, d/b/a PAPA JOHN'S #1219 with the First Amended Complaint served in this cause and that a copy was served upon all other parties to this action with the service of the First Amended Complaint.

Dated this day ____ of April, 2014.

_____
ALAN F. WAGNER, ESQUIRE
Florida Bar No. 0374105
JASON WHITTEMORE, ESQUIRE
Florida Bar No. 0037256
Wagner, Vaughan & McLaughlin, P.A.
601 Bayshore Blvd., Suite 910
Tampa, Florida  33606
(813) 225-4000
Primary e-mail:  AlanWagner@WagnerLaw.com
Secondary e-mail:  Jason@WagnerLaw.com
Secondary e-mail:  Vicky@WagnerLaw.com
Attorneys for Plaintiffs

1

**PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT,
TBAKER PIZZAMAKER, LLC, d/b/a PAPA JOHN'S #1219**

1.     With respect to your Papa John's restaurant (Papa John's Store #1219), state:

     a.     its physical location (address), including the County;

     b.     the periods during which it has delivered pizza or food to customers in the state of Florida;

     c.     the periods during which it has permitted customers to pick up pizza ordered telephonically, via the internet or by any Papa John's ordering app;

     d.     the sales tax rate applicable and paid by customers.

**ANSWER:**

2.     With respect to your Papa John's restaurant (Papa John's Store #1219), state for each month since April 1, 2010:

     a.     its gross sales (excluding delivery charges, tips, and sales exempt from sales tax) for all orders that were delivered to the customer and for which a delivery charge was levied;

     b.     the total sales tax collected for all orders that were delivered to customers and for which a delivery charge was levied;

     c.     the number of pizza or food deliveries for each month since April 1, 2010;

     d.     the charge a single delivery of food and the total delivery charges for the month;

     e.     the amount of sales tax collected for any charge or fee for delivery for each month since April 1, 2010;

     f.     the total sales tax paid to the State of Florida or any governmental entity for sales tax owed for sales during each month since April 1, 2010, specifying the identity of the entity to whom the payment was made and the amount of each payment;

     g.     the sales tax rate charged to customers for each month since April 1, 2010;

     h.     whether all sales tax collected on delivery charges were paid to the State of Florida or other governmental entities.

**ANSWER:**

3.  List the names and addresses of all persons who are believed or known by you, your agents, or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.  Without limiting the forgoing request, your answer should include, but should not be limited to:

   a.  the person(s) who made or were involved in the decision to charge sales tax on delivery fees in Florida;

   b.  the person(s) who knew that sales tax was being charged on delivery fees in Florida;

   c.  the identity of person(s) who have knowledge regarding the technical capabilities of the computers used to take, process, record, and fulfill pizza and food orders made by telephone, internet, or an ordering app which will be delivered to a customer;

   d.  the person(s) responsible for implementation of policies, instructions, operations, training,  and store management with respect to the charging and collection of sales tax

   e.  the person responsible for the collection of sales tax with respect to sales or deliveries in Florida;

   f.  the person(s) responsible for the calculation of sales tax due in Florida for sales or deliveries of food in Florida;

   g.  the person(s) responsible for paying sales tax to the State of Florida or any governmental agency in Florida;

   h.  the person(s) responsible for preparing or filing Florida sales tax returns;

   i.  the person(s) who have ever received, investigated, or responded to an inquiry, question, or complaint from any source regarding the practice of charging sales tax on delivery fees in Florida;

   i.  the person(s) who have ever made any inquiry or investigation into the propriety of charging sales tax on delivery fees in Florida;

   k.  the person(s) who have at any time communicated to you that it was proper, permissible or allowable to collect sales tax on Florida deliveries of food;

   l.  the person(s) who advised, instructed, recommended or communicated to you that sales tax was required or should be charged or collected on delivery fees.

**ANSWER:**

4

4.      Identify any lawyer, accountant, tax specialist, or other professional employed or retained by you to determine whether it was appropriate, permissible, required or lawful to charge or collect sales tax on deliveries of pizza or food in the State of Florida.

**ANSWER:**

5.      For what period of time has sales tax been charged on delivery fees in Florida?

**ANSWER:**

6.      Is sales tax still being charged on delivery fees in Florida?

**ANSWER:**

## VERIFICATION PAGE

_____
TBAKER PIZZAMAKER, LLC, d/b/a PAPA JOHN'S #1219

STATE OF _____

COUNTY OF _____

    **BEFORE ME** personally appeared _____ who is personally known and/or produced the following identification _____ and being first duly sworn, deposes and says that he/she executed the foregoing Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

    **SWORN TO AND SUBSCRIBED** before me this _____ day of _____, 20___.

_____
Notary Public

_____
Notary - Printed name

My Commission Expires: _____

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

BRUCE SCHOJAN, SEAN TIMMONS,
and CHRISTOPHER TOLLERTON,
Individually and on behalf of all
others similarly situated,

      Plaintiffs,

                                  CASE NO.:    14-CA-003491

vs.

                                  DIVISION:    C

PAPA JOHN'S INTERNATIONAL, INC.,
PAPA JOHN'S USA, INC.,
and TBAKER PIZZAMAKER, LLC              CLASS REPRESENTATION
d/b/a PAPA JOHN'S #1219

      Defendants.
_____/

**NOTICE OF SERVICE OF PLAINTIFFS' FIRST REQUEST TO PRODUCE TO DEFENDANT,**
**TBAKER PIZZAMAKER, LLC, d/b/a PAPA JOHN'S #1219**

      Plaintiff, CHRISTOPHER TOLLERTON, by and through the undersigned counsel, in accordance

with the applicable Rules of Civil Procedures, requests the defendant, TBAKER PIZZAMAKER, LLC,

d/b/a PAPA JOHN'S #1219, to produce to the plaintiff for the purpose of inspection and copying the

documents and electronically stored information (herein "documents") described in the attached list.

**REQUEST TO PRODUCE**

1.    Your franchise agreement and other contractual documents to which you and Papa John's
       International are a party.


2.    All documents provided to you at any time after April 1, 2010, that describe, discuss, or refer to
       deliver fees in Florida.

3.    All documents provided to you that describe, discuss, or refer to a) the collection of sales tax in
       Florida; b) the payment of sales tax in Florida; c) the charging of sales tax in Florida; or, d) the
       charging of sales tax on delivery fees.

4.    All documents that describe the method by which you should calculate the amount that should
       be charged or collected for an order delivered to a customer in Florida.

5.    All documents relating to any investigation, research, or work performed by you to determine
       whether it is appropriate, permissible, or lawful to charge or collect sales tax on a delivery fee
       in the State of Florida.

6.    All documents relating to any question, inquiry, or complaint by any customer, consumer, or third party relating to a sales tax charge on a delivery fee in Florida or the practice of charging sales tax for a delivery fee in Florida.

7.    Any document received by you from the State of Florida or any governmental entity in the State of Florida relating to the collection or payment of sales tax on delivery fees.

8.    Any document memorializing or containing any communication to any franchisee, employee, or agent of yours stating, implying or suggesting, in words or substance, that it was or was not permissible, appropriate, or lawful to charge sales tax on a delivery fee in Florida.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that the foregoing will be served upon the Defendant, TBAKER

PIZZAMAKER, LLC, d/b/a PAPA JOHN'S #1219 with the First Amended Complaint served in this

cause and that a copy was served upon all other parties to this action with the service of the First

Amended Complaint.

Dated this day 4 of April, 2014.

_____
ALAN F. WAGNER, ESQUIRE
Florida Bar No. 0374105
JASON WHITTEMORE, ESQUIRE
Florida Bar No. 0037256
Wagner, Vaughan & McLaughlin, P.A.
601 Bayshore Blvd., Suite 910
Tampa, Florida  33606
(813) 225-4000
Primary e-mail:  AlanWagner@WagnerLaw.com
Secondary e-mail:  Jason@WagnerLaw.com
Secondary e-mail:  Vicky@WagnerLaw.com
Attorneys for Plaintiffs

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

BRUCE SCHOJAN, SEAN TIMMONS,
and CHRISTOPHER TOLLERTON,
Individually and on behalf of all
others similarly situated,

       Plaintiffs,

vs.

PAPA JOHN'S INTERNATIONAL, INC.,
PAPA JOHN'S USA, INC.,
and TBAKER PIZZAMAKER, LLC
d/b/a PAPA JOHN'S #1219

       Defendants.

_____/

CASE NO.:    14-CA-003491

DIVISION:    C

CLASS REPRESENTATION

**NOTICE OF SERVICE OF PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT,
PAPA JOHN'S USA, INC.**

Plaintiff, SEAN TIMMONS , by and through the undersigned attorneys, herein serves these First

Interrogatories upon the defendant, PAPA JOHN'S USA, INC., and request answers in accordance

with the applicable Rules of Civil Procedure.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that an original and one true copy of the foregoing will be served upon the

Defendant, PAPA JOHN'S USA, INC. with the First Amended Complaint served in this cause and

that a copy was served upon all other parties to this action with the service of the First Amended

Complaint.

Dated this day ____ of April, 2014.

_____
ALAN F. WAGNER, ESQUIRE
Florida Bar No. 0374105
JASON WHITTEMORE, ESQUIRE
Florida Bar No. 0037256
Wagner, Vaughan & McLaughlin, P.A.
601 Bayshore Blvd., Suite 910
Tampa, Florida 33606
(813) 225-4000
Primary e-mail: AlanWagner@WagnerLaw.com
Secondary e-mail: Jason@WagnerLaw.com
Secondary e-mail: Vicky@WagnerLaw.com
Attorneys for Plaintiffs

1

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT,
## PAPA JOHN'S USA, INC.

1.  With respect to each Papa John's restaurant owned by you, or in which you have a financial interest, that is or was physically located in the State of Florida at any time after April 1, 2010, state for each:

    a.  its physical location (address), including the County;

    b.  its store number or other identifying name to distinguish it from other Papa John's restaurants;

    c.  the periods during which it has delivered pizza or food to customers in the state of Florida;

    d.  the periods during which it has permitted customers to pick up pizza ordered telephonically, via the internet or by any Papa John's ordering app;

    e.  the sales tax rate applicable and paid by customers.

**ANSWER:**

2.  With respect to each Papa John's restaurant owned by you, or in which you have a financial interest, that is or was physically located in the State of Florida at any time after April 1, 2010, that: a) delivered pizza or food to customers located in Florida; and, b) permitted the customer to pick up their order instead of having it delivered, state for each month since April 1, 2010:

   a.  its store number or other identifying name to distinguish it from other Papa John's restaurants

   b.  its gross sales (excluding delivery charges, tips, and sales exempt from sales tax) for all orders that were delivered to the customer and for which a delivery charge was levied;

   c.  the total sales tax collected for all orders that were delivered to customers and for which a delivery charge was levied;

   d.  the number of pizza or food deliveries for each month since April 1, 2010;

   e.  the charge a single delivery of food and the total delivery charges for the month;

   f.  the amount of sales tax collected for any charge or fee for delivery for each month since April 1, 2010;

   g.  the total sales tax paid to the State of Florida or any governmental entity for sales tax owed for sales during each month since April 1, 2010, specifying the identity of the entity to whom the payment was made and the amount of each payment;

   h.  the sales tax rate charged to customers for each month since April 1, 2010;

   i.  whether all sales tax collected on delivery charges were paid to the State of Florida or other governmental entities.


**ANSWER:**

3.   List the names and addresses of all persons who are believed or known by you, your agents, or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.  Without limiting the forgoing request, your answer should include, but should not be limited to:

   a.   the person(s) who made or were involved in the decision to charge sales tax on delivery fees in Florida;

   b.   the person(s) who knew that sales tax was being charged on delivery fees in Florida;

   c.   the identity of person(s) who have knowledge regarding the technical capabilities and operation of the proprietary digital ordering platform allowing customers to order online (as referenced in Papa John's most recent annual report and 10-K filing and), specifically, the ordering platform charging sales tax on orders for deliveries in Florida, the storage of data related to online orders; and the calculation of sales tax on orders;

   d.   the identity of person(s) who have knowledge regarding the technical capabilities and operation of the PROFIT System point of sale technology to facilitate fast and accurate order-taking and pricing  (as referenced in Papa John's most recent annual report and 10-K filing and), specifically, the ordering platform charging sales tax on orders for deliveries in Florida, the storage of data related to online orders; and the calculation of sales tax on orders;

   e.   the person(s) responsible for implementation of policies, instructions, operations, training,  and store management with respect to the charging and collection of sales tax;

   f.   the person responsible for the collection of sales tax with respect to sales or deliveries in Florida;

   g.   the person(s) responsible for the calculation of sales tax due in Florida for sales or deliveries of food in Florida;

   h.   the person(s) responsible for paying sales tax to the State of Florida or any governmental agency in Florida;

   i.   the person(s) responsible for preparing or filing Florida sales tax returns;

   j.   the person(s) who have ever received, investigated, or responded to an inquiry, question, or complaint from any source regarding the practice of charging sales tax on delivery fees in Florida;

   k.   the person(s) who have ever made any inquiry or investigation into the propriety of charging sales tax on delivery fees in Florida;

l.   the person(s) who have at any time communicated to you that it was proper, permissible or allowable to collect sales tax on Florida deliveries of food;

m.   the person(s) who advised, instructed, recommended or communicated to you that sales tax was required or should be charged or collected on delivery fees.

**ANSWER:**

4.      Identify any lawyer, accountant, tax specialist, or other professional employed or retained by you to determine whether it was appropriate, permissible, required or lawful to charge or collect sales tax on deliveries of pizza or food in the State of Florida.

**ANSWER:**

5.      For what period of time has sales tax been charged on delivery fees in Florida?

**ANSWER:**

6.      Is sales tax still being charged on delivery fees in Florida?

**ANSWER:**

## VERIFICATION PAGE

_____

PAPA JOHN'S USA, INC.


STATE OF _____

COUNTY OF _____


    **BEFORE ME** personally appeared _____ who is personally known and/or produced the following identification _____ and being first duly sworn, deposes and says that he/she executed the foregoing Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

    **SWORN TO AND SUBSCRIBED** before me this _____ day of _____, 20___.

_____

Notary Public


_____

Notary - Printed name

My Commission Expires: _____


7

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

BRUCE SCHOJAN, SEAN TIMMONS,
and CHRISTOPHER TOLLERTON,
Individually and on behalf of all
others similarly situated,

      Plaintiffs,

vs.

PAPA JOHN'S INTERNATIONAL, INC.,
PAPA JOHN'S USA, INC.,
and TBAKER PIZZAMAKER, LLC
d/b/a PAPA JOHN'S #1219

      Defendants.
_____/

CASE NO.:    14-CA-003491

DIVISION:    C

CLASS REPRESENTATION

**NOTICE OF SERVICE OF PLAINTIFFS' FIRST REQUEST TO PRODUCE TO DEFENDANT,
PAPA JOHN'S USA, INC.**

Plaintiff, SEAN TIMMONS, by and through the undersigned counsel, in accordance with the

applicable Rules of Civil Procedures, requests the defendant, PAPA JOHN'S USA, INC., to produce to

the plaintiff for the purpose of inspection and copying the documents and electronically stored

information (herein "documents") described in the attached list.

**REQUEST TO PRODUCE**

1.    All documents provided to you at any time after April 1, 2010, that describe, discuss, or refer to
deliver fees in Florida.

2.    All documents provided to you that describe, discuss, or refer to a) the collection of sales tax in
Florida; b) the payment of sales tax in Florida; c) the charging of sales tax in Florida; or, d) the
charging of sales tax on delivery fees.

3.    All documents that describe the method by which you should calculate the amount that should
be charged or collected for an order delivered to a customer in Florida.

4.    All documents relating to any investigation, research, or work performed by you to determine
whether it is appropriate, permissible, or lawful to charge or collect sales tax on a delivery fee
in the State of Florida.

5.    All documents relating to any question, inquiry, or complaint by any customer, consumer, or
third party relating to a sales tax charge on a delivery fee in Florida or the practice of charging
sales tax for a delivery fee in Florida.

6.    Any document received by you from the State of Florida or any governmental entity in the State
of Florida relating to the collection or payment of sales tax on delivery fees.

7.      Any document memorializing or containing any communication to any franchisee, employee, or agent of yours stating, implying or suggesting, in words or substance, that it was or was not permissible, appropriate, or lawful to charge sales tax on a delivery fee in Florida.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that the foregoing will be served upon the Defendant, PAPA JOHN'S

USA, INC., with the First Amended Complaint served in this cause and that a copy was served

upon all other parties to this action with the service of the First Amended Complaint.

Dated this day ___ of April, 2014.

ALAN F. WAGNER, ESQUIRE
Florida Bar No. 0374105
JASON WHITTEMORE, ESQUIRE
Florida Bar No. 0037256
Wagner, Vaughan & McLaughlin, P.A.
601 Bayshore Blvd., Suite 910
Tampa, Florida  33606
(813) 225-4000
Primary e-mail:  AlanWagner@WagnerLaw.com
Secondary e-mail:  Jason@WagnerLaw.com
Secondary e-mail:  Vicky@WagnerLaw.com
Attorneys for Plaintiffs

Filing # 11899282 Electronically Filed 03/28/2014 05:00:36 PM

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

BRUCE SCHOJAN, SEAN TIMMONS,
and CHRISTOPHER TOLLERTON,
Individually and on behalf of all
others similarly situated,

      Plaintiffs,

                          CASE NO.:

vs.
                          DIVISION:

PAPA JOHN'S INTERNATIONAL, INC.,
and TBAKER PIZZAMAKER, LLC          CLASS REPRESENTATION
d/b/a PAPA JOHN'S #1219

      Defendant.
_____/

### DESIGNATION BY ALAN WAGNER OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516 OF THE FLORIDA RULES OF JUDICIAL ADMINISTRATION

      Alan Wagner, as counsel for the plaintiffs, designates the following primary and secondary

e-mail addresses:

      Primary e-mail:        AlanWagner@WagnerLaw.com

      Secondary e-mail:    Jason@WagnerLaw.com

      Secondary e-mail:    Vicky@WagnerLaw.com

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing was duly served upon the defendants, Papa

John's International, Inc., and Tbaker Pizzamaker, LLC d/b/a Papa John's #1219, with the Complaint

served in this cause.

ALAN F. WAGNER, ESQUIRE
Florida Bar No. 0374105
JASON WHITTEMORE, ESQUIRE
Florida Bar No. 0037256
Wagner, Vaughan & McLaughlin, P.A.
601 Bayshore Blvd., Suite 910
Tampa, Florida 33606
(813) 225-4000
Primary e-mail:  AlanWagner@WagnerLaw.com
Secondary e-mail:  Jason@WagnerLaw.com
Secondary e-mail:  Vicky@WagnerLaw.com
Attorneys for Plaintiffs

1

Filing # 11899282 Electronically Filed 03/28/2014 05:00:36 PM

## IN THE THIRTEENTH JUDICIAL CIRCUIT OF THE
## STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY

**BRUCE SCHOJAN and**

SEAN TIMMONS, and CHRISTOPHER TOLLERTON , Individually and on behalf of all others Simila

Plaintiff/Petitioner(s)

VS.

**Papa John s International, Inc.,**

and Tbaker Pizzamaker, LLC d/b/a Papa John s #1219

Defendant/Respondent(s)

CASE NO.:_____

DIVISION:_____

## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

■ **Tampa Division**

☐ **East Division**

☐ **Prior Division (Please indicate Case Number and Division of previously filed action: _____ )**

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders. If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: **Jason Whittemore**

Address: **601 Bayshore Boulevard, Suite 910**
**Tampa, FL  33606**

Phone Number: **(813) 225-4000**

Email Address(es): **Jason@WagnerLaw.com**

Filing # 12103341 Electronically Filed 04/03/2014 03:27:28 PM

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL
## CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
## CIRCUIT CIVIL DIVISION

BRUCE SCHOJAN, SEAN TIMMONS, and CHRISTOPHER TOLLERTON, Individually and on behalf of all others similarly situated

CASE NO.: **14-CA-3491**

Plaintiff(s)

VS.

DIVISION: C

Papa John s International, Inc., Papa John s, USA, Inc., and Tbaker Pizzamaker, LLC d/b/a Papa John s #1219

Defendant(s)

### REQUEST FOR ISSUANCE OF SUMMONS –CIRCUIT CIVIL

This is a request for issuance of service of process by the Clerk of court as follows:

**\*PLEASE NOTE THAT A SEPARATE REQUEST IS REQUIRED FOR EACH PARTY TO BE SERVED\***

---

**Type of Process: (choose one)**

[✓] **Initial Summons**   [ ] **Alias Summons**   [ ] **Pluries Summons**

---

**Type of summons: (choose one)**

**Circuit Court Summons**

Indicate days to respond   [✓] 20   [ ] 30   [ ] 45   [ ] 60   Other_____

**Non-Residential Eviction**

[ ] Mailing   [ ] No Mailing

**Residential Eviction -** 5 day only [ ]   5 day with 20 day attached [ ]

[ ] Mailing   [ ] No Mailing

---

| Party information: | Attorney/Plaintiff Information |
|---|---|
| **Party To Be Served:**<br><br>Name: Papa John's USA, Inc.<br><br>**Address:** C T CORPORATION SYSTEM, as<br><br>**City/State/Zip:** PLANTATION, FL 33324 | **Name of Attorney or Plaintiff Contact:**<br><br>**Jason Whittemore**<br><br>**Address:** 601 Bayshore Boulevard, Suite 910<br><br>**City/State/Zip:** Tampa, FL  33606 |
|  | **Atty Phone Number:**<br>(   )   **(813) 225-4000** |
|  | **Email Address:** Jason@WagnerLaw.com; vicky@wagnerlaw.com |

Filing # 12103341 Electronically Filed 04/03/2014 03:27:28 PM

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL
## CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
## CIRCUIT CIVIL DIVISION

BRUCE SCHOJAN, SEAN TIMMONS, and CHRISTOPHER TOLLERTON, Individually and on behalf of all others similarly situated

_____

CASE NO.: **14-CA-3491**

Plaintiff(s)

VS.                                                    DIVISION: **C**

Papa John's International, Inc., Papa John's, USA, Inc., and Tbaker Pizzamaker, LLC d/b/a Papa John's #1219

_____

Defendant(s)

### REQUEST FOR ISSUANCE OF SUMMONS –CIRCUIT CIVIL

This is a request for issuance of service of process by the Clerk of court as follows:

**\*PLEASE NOTE THAT A SEPARATE REQUEST IS REQUIRED FOR EACH PARTY TO BE SERVED\***

---

**Type of Process:** (choose one)

☑ **Initial Summons**      ☐ **Alias Summons**      ☐ **Pluries Summons**

---

**Type of summons:** (choose one)

**Circuit Court Summons**

   Indicate days to respond   ☑ 20   ☐ 30   ☐ 45   ☐ 60      Other _____

**Non-Residential Eviction**

   ☐ **Mailing**      ☐ **No Mailing**

**Residential Eviction -  5 day only** ☐   **5 day with 20 day attached** ☐

   ☐ **Mailing**      ☐ **No Mailing**

---

| Party information: | Attorney/Plaintiff Information |
|---|---|
| **Party To Be Served:**<br><br>Name: Tbaker Pizzamaker, LLC d/b/a Papa<br><br>Address: Tim Humes, as registered agent, 44<br><br>City/State/Zip: Clearwater Beach, FL  33767 | **Name of Attorney or Plaintiff Contact:**<br>**Jason Whittemore**<br><br>**Address:** 601 Bayshore Boulevard, Suite 910<br><br>**City/State/Zip:** Tampa, FL  33606 |
|  | **Atty Phone Number:**<br>(    )     **(813) 225-4000** |
|  | **Email Address:**<br>Jason@WagnerLaw.com; vicky@wagnerlaw.com |

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**Bruce Schojan; Sean Timmons; Christopher**
**Tollerton**                                                 Case No.: **14-CA-003491**
Plaintiff(s)
vs
**PAPA JOHN'S , USA, INC; Papa John's**
**International, Inc.; Tbaker Pizzamaker, LLC**              Division C
Defendant(s)

SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:
      **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this
action on defendant(s)

         **PAPA JOHNS  USA INC**
         **CT CORPORATION SYSTEM**
         **as registered agent**
         **1200 SOUTH PINE ISLAND**
         **ROAD**
         **PLANTATION FL 33324**

      Each defendant is required to serve written defenses to the complaint or petition on JASON KYLE WHITTEMORE,
plaintiff's attorney, whose address is **WAGNER VAUGHAN & MCLAUGHLIN P  601 BAYSHORE BLVD**
**STE 910  TAMPA FL  33606** within 20[1] days after service of this summons on that defendant, exclusive of the
day of service, and to file the original of the defenses with the clerk of this court either before service on
plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that
defendant for the relief demanded in the complaint or petition.
**DATED** on April 4, 2014.
Attorney: <u>JASON KYLE WHITTEMORE</u>          **PAT FRANK**
Attorney For: <u>Bruce Schojan</u>                   As Clerk of the Court
Address: <u>WAGNER VAUGHAN &</u>
<u>MCLAUGHLIN P</u>                                    *Dana Caranante*
<u>601 BAYSHORE BLVD STE 910</u>
<u>TAMPA FL  33606</u>                               Dana Caranante, Deputy Clerk

Florida Bar No: <u>37256</u>                          Prepared By:David Anderson, Deputy Clerk
                                                     (813)276-8100 extension 4365

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its
agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be
inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be
inserted is 30 days.
**If you are a person with a disability who needs any accommodation in order to**
**participate in this proceeding, you are entitled, at no cost to you, to the provision of**
**certain assistance. Please contact the ADA Coordinator, Hillsborough County**
**Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at**
**least 7 days before your scheduled court appearance, or immediately upon receiving**

**this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**Bruce Schojan; Sean Timmons; Christopher
Tollerton**                                    Case No.: **14-CA-003491**
Plaintiff(s)
vs
**PAPA JOHN'S , USA, INC; Papa John's
International, Inc.; Tbaker Pizzamaker, LLC**    Division C
Defendant(s)

**SUMMONS**

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:
   **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this
action on defendant(s)

> **Tbaker Pizzamaker LLC**
> **d/b/a Papa Johns #1219**
> **Tim Humes as registered agent**
> **441 Palm Island NE**
> **Clearwater Beach FL 33767**

   Each defendant is required to serve written defenses to the complaint or petition on JASON KYLE WHITTEMORE,
plaintiff's attorney, whose address is **WAGNER VAUGHAN & MCLAUGHLIN P  601 BAYSHORE BLVD
STE 910  TAMPA FL  33606**  within $20^1$ days after service of this summons on that defendant, exclusive of the
day of service, and to file the original of the defenses with the clerk of this court either before service on
plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that
defendant for the relief demanded in the complaint or petition.
**DATED** on April 4, 2014.
Attorney: JASON KYLE WHITTEMORE          **PAT FRANK**
Attorney For: Bruce Schojan               As Clerk of the Court
Address: WAGNER VAUGHAN &
MCLAUGHLIN P
601 BAYSHORE BLVD STE 910                 *Dana Caranante*
TAMPA FL  33606
                                          Dana Caranante, Deputy Clerk

Florida Bar No: 37256                     Prepared By:David Anderson, Deputy Clerk
                                          (813)276-8100 extension 4365

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its
agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be
inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be
inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact the ADA Coordinator, Hillsborough County
Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at
least 7 days before your scheduled court appearance, or immediately upon receiving**

**this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 13766269 Electronically Filed 05/16/2014 02:31:56 PM

## VERIFIED RETURN OF SERVICE

State of FLORIDA                    County of HILLSBOROUGH                    Circuit Court

Case Number: 14-CA-003491

Plaintiff:
**BRUCE SCHOJAN; SEAN TIMMONS; CHRISTOPHER TOLLERTON**
vs.
Defendant:
**PAPA JOHN'S, US.A, INC.; PAPA JOHN'S INTERNATIONAL, INC.;**
**TBAKER PIZZAMAKER, LLC**

For:
Alan F. Wagner
WAGNER, VAUGHAN & MCLAUGHLIN
601 Bayshore Blvd.
Suite 910
Tampa, FL 33606

Received by CHOICE PROCESS - TAMPA to be served on TBAKER PIZZAMAKER LLC D/B/A PAPA JOHNS
**#1219 SERVE: TIM HUMES AS REGISTERED AGENT, 441 PALM INSLAND NE, CLEARWATER, FL 33767.**

I, Carol Storgion, do hereby affirm that on the **12th day of May, 2014 at 8:00 am, I:**

**CORPORATE:**  served by delivering a true copy of the **SUMMONS; FIRST AMENDED CLASS ACTION
COMPLAINT AND DEMAND FOR JURY TRIAL ; NOTICE OF SERVICE OF PLAINTIFF'S FIRST
INTERROGATORIES TO DEFENDANT, TBAKER PIZZAMAKER, LLC; NOTICE OF SERVICE OF PLAINTIFF'S
FIRST REQUEST TO PRODUCE TO DEFENDANT PAPA JOHN'S INTERNATIONAL, INC.; NOTICE OF
SERVICE OF PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, PAPA JOHN'S USA, INC.;
NOTICE OF SERVICE OF PLAINTIFF'S FIRST REQUEST TO PRODUCT TO DEFENANT, TBAKER
PIZZAMAKER, LLC; DESIGNATION OF EMAIL ADDRESS; NOTICE OF SERVICE OF PLAINTIFF'S FIRST
INTERROGATORIES TO DEFENDANT, PAPA JOHN'S INTERNATIONAL, INC.; NOTICE OF SERVICE OF
PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT PAPA JOHN'S USA, INC.** with the date and hour of
service endorsed thereon by me, to: **TIM HUMES SERVE: TIM HUMES AS REGISTERED AGENT as
REGISTERED AGENT** for **TBAKER PIZZAMAKER LLC D/B/A PAPA JOHNS #1219 SERVE: TIM HUMES AS
REGISTERED AGENT**, at the address of: **441 PALM INSLAND NE, CLEARWATER, FL 33767**, and informed
said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18 and have no interest in the above action and I am in good standing in the
judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing
and that the facts stated in it are true. No Notary is necessary pursuant to Florida Statute 92.525.

Carol Storgion                    1855J
Process Server

**CHOICE PROCESS - TAMPA
P.O. Box 1215
Tampa, FL 33601
(813) 229-1444**

Our Job Serial Number: CPS-2014004853

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4x

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**Bruce Schojan; Sean Timmons; Christopher
Tollerton**
Plaintiff(s)
vs

Case No.: **14-CA-003491**

**PAPA JOHN'S , USA, INC; Papa John's
International, Inc.; Tbaker Pizzamaker, LLC**
Defendant(s)

Division C

**SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:
    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this
action on defendant(s)

**Tbaker Pizzamaker LLC**
**d/b/a Papa Johns #1219**
**Tim Humes as registered agent**
**441 Palm Island NE**
**Clearwater Beach FL 33767**

    Each defendant is required to serve written defenses to the complaint or petition on JASON KYLE WHITTEMORE,
plaintiff's attorney, whose address is **WAGNER VAUGHAN & MCLAUGHLIN P  601 BAYSHORE BLVD
STE 910  TAMPA FL  33606** within 20[1] days after service of this summons on that defendant, exclusive of the
day of service, and to file the original of the defenses with the clerk of this court either before service on
plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that
defendant for the relief demanded in the complaint or petition.
**DATED** on April 4, 2014.
Attorney: JASON KYLE WHITTEMORE
Attorney For: Bruce Schojan
Address: WAGNER VAUGHAN &
MCLAUGHLIN P
601 BAYSHORE BLVD STE 910
TAMPA FL  33606

**PAT FRANK**
    As Clerk of the Court

*Dana Caranante*

Dana Caranante, Deputy Clerk

Florida Bar No: 37256

Prepared By:David Anderson, Deputy Clerk
(813)276-8100 extension 4365

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its
agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be
inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be
inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact the ADA Coordinator, Hillsborough County
Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at
least 7 days before your scheduled court appearance, or immediately upon receiving**

Electronically Filed: Hillsborough County / 13th Judicial Circuit

this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe auprès de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.