IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

BRUCE SCHOJAN, SEAN TIMMONS,
and CHRISTOPHER TOLLERTON,
Individually and on behalf of all
others similarly situated,

    Plaintiffs,

vs.

PAPA JOHN'S INTERNATIONAL, INC.,
PAPA JOHN'S USA, INC.,
and TBAKER PIZZAMAKER, LLC
d/b/a PAPA JOHN'S #1219

    Defendants.

CASE NO.: 14-CA-003491

DIVISION: C

CLASS REPRESENTATION

## FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Bruce Schojan, Sean Timmons, and Christopher Tollerton, individually, and on behalf of all others similarly situated, sue the defendants, Papa John's International, Inc., Papa John's, USA, Inc., and Tbaker Pizzamaker, LLC d/b/a Papa John's #1219, and allege as follows:

1. This is a class action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees, and injunctive relief resulting from Defendants charging sales tax on delivery fees for orders placed by its customers in violation of Florida law.

2. A substantial part of the acts or omissions giving rise to the claims asserted in this Complaint occurred within Hillsborough County, Florida. Additionally, at all times relevant to this Complaint, Defendants owned and operated locations in Florida.

### PARTIES

3. Plaintiff, Bruce Schojan, is an individual residing in Pinellas County, Florida.

4. Plaintiff, Sean Timmons, is an individual residing in Hillsborough County, Florida.

5. Plaintiff, Christopher Tollerton, is an individual residing in Hillsborough County, Florida.


EXHIBIT C

6. Defendant, Papa John's International, Inc., is a Delaware corporation headquartered in Louisville, Kentucky.

7. Defendant, Papa John's USA, Inc., is Kentucky corporation headquartered in Louisville, Kentucky, and is a wholly owned subsidiary of Papa John's International, Inc. Papa John's USA, Inc., owns stores in Hillsborough County, Florida, including the store located at 512 East Hillsborough Avenue, Tampa, Florida, 33604.

8. Papa John's International, Inc., and Papa John's USA, Inc., (collectively referred to as "Papa John's") comprise of a single integrated enterprise that owns, has a financial interest in, or franchises 274 restaurant locations in Florida.

9. Defendant, Tbaker Pizzamaker, LLC d/b/a Papa John's # 1219 ("Tbaker Pizzamaker") is a franchise owner of a Papa John's store located in Pinellas County, Florida.

## FACTS

a. **Facts Common to All Class Members**

10. Defendants offer pizza and other foods for sale to the general public. A customer may order pizza and food from Defendants either in person at the store location, over the phone, via ordering application on a smartphone, or through the internet website, www.papajohns.com, which redirects customers to order.papajohns.com/index.html.

11. When placing an order with any traditional Papa John's Florida location, customers may physically go to the store where they placed the order to pick up their food or, at the customers' option, Defendants will deliver the food to the customer. If a customer elects to have their food order delivered, Defendants charge the customer a delivery fee, which is listed separately on the Defendants' purchase receipt.

12. Papa John's and all of its franchised Papa John's locations throughout Florida charge customers a sales tax on the delivery fee.

13. The billing practice for charging sales tax on delivery fees was orchestrated and mandated by Papa John's and is followed, without exception, by every Papa John's Florida franchise store at the direction of Papa John's. Papa John's franchise stores are instructed and required to collect sales tax on delivery fees.

14. Papa John's proprietary PROFIT System, point-of sale technology ("Profit System"), was integrated into all traditional Papa John's locations. The Profit System provides nationwide digital ordering for customers and provides locations with a fast and supposedly accurate method for order taking and pricing. The Profit System from Papa John's dictates the method used for calculating pricing, including sales tax charges, which franchise owner's utilize, at the direction of Papa John's, to create bills for its customers.

15. In Florida, sales tax may only be imposed on the total sales price of taxable tangible property. The sales price is the total amount paid for tangible goods, including services that are part of the sale; however, when a customer has the option to either pick up the goods or have the goods delivered by the seller, a seller may not legally charge sales tax on a separate charge for delivery.

16. For all food ordered from Papa John's, a customer has the option to pick up the food or have it delivered. Accordingly, Papa John's and its franchise owners are not legally permitted to charge sales tax on a delivery fee charged for customers who elect to have their food delivered.

17. Despite clear Florida law to the contrary, Papa John's and its franchise stores have in the past charged and continue to charge sales tax on delivery fees. As a result, every customer who has ordered food for delivery from any Papa John's location in Florida has paid excess sales tax that Defendants and other franchise owners were not entitled to collect.

    b.    **Facts as to Plaintiff Bruce Schojan**

18.     On February 4, 2013, Plaintiff Schojan placed an order online with a Papa John's location in Pinellas County, Florida, owned by franchise owner, Tbaker Pizzamaker. Plaintiff Schojan selected the option of having the order delivered as opposed to picking up the order at the store. The total charge for the food ordered was $28.00. Additionally, Defendants charged a $3.00 delivery fee. The applicable sales tax rate for the charge was 7%. The total sales tax charged on the order was $2.17. Under Florida law, Defendants were only permitted to charge $1.96 in sales tax—7% of the $28.00 food charge. Accordingly, Defendants required Plaintiff Schojan to pay an additional $0.21 in sales tax for a non-taxable service.

19.     On February 20, 2013, Plaintiff Schojan placed an order online with a Papa John's location in Pinellas County, Florida, owned by franchise owner, Tbaker Pizzamaker. Plaintiff Schojan selected the option of having the order delivered as opposed to picking up the order at the store. The total charge for the food ordered was $30.00. Additionally, Defendants charged a $3.00 delivery fee. The applicable sales tax rate for the charge was 7%. The total sales tax charged on the order was $2.31. Under Florida law, Defendants were only permitted to charge $2.10 in sales tax—7% of the $30.00 food charge. Accordingly, Defendants required Plaintiff Schojan to pay an additional $0.21 in sales tax for a non-taxable service.

20.     On April 5, 2013, Plaintiff Schojan placed an order online with a Papa John's location in Pinellas County, Florida, owned by franchise owner, Tbaker Pizzamaker. Plaintiff Schojan selected the option of having the order delivered as opposed to picking up the order at the store. The total charge for the food ordered was $32.00. Additionally, Defendants charged a $3.00 delivery fee. The applicable sales tax rate for the charge was 7%. The total sales tax charged on the order was $2.45. Under Florida law, Defendants were only permitted to charge $2.24 in sales tax—7% of the $32.00 food charge. Accordingly, Defendants required Plaintiff Schojan to pay an additional $0.21 in sales tax for a non-taxable service.

21. On November 7, 2013, Plaintiff Schojan placed an order online with a Papa John's location in Pinellas County, Florida, owned by franchise owner, Tbaker Pizzamaker. Plaintiff Schojan selected the option of having the order delivered as opposed to picking up the order at the store. The total charge for the food ordered was $0.00 (this was a free pizza deal). However, Defendants still charged a $3.00 delivery fee. The applicable sales tax rate for the charge was 7%. The total sales tax charged on the order was $0.21. Under Florida law, Defendants were not permitted to charge sales tax as there was no cost for the food. Accordingly, Defendants required Plaintiff Schojan to pay an additional $0.21 in sales tax for a non-taxable service.

c. **Facts as to Sean Timmons**

22. On or about March 24, 2014, Plaintiff Timmons placed an order with a Papa John's located at 512 East Hillsborough Avenue, Tampa, Florida, 33604, that is owned by Papa John's. Plaintiff Timmons selected the option of having the order delivered as opposed to picking up the order at the store. The total charge on the food order was $24.50. Additionally Defendants charged a $3.00 delivery fee. The applicable sales tax rate for the charge was 7%. The total sales tax charged on the order was $1.93. Under Florida law, Defendant was only permitted to charge $1.72 in sales tax—7% of the $24.50 food charge. Accordingly, Defendant required Plaintiff Timmons to pay additional $0.21 in sales tax for a non-taxable service.

d. **Facts as to Christopher Tollerton**

23. On December 08, 2013, Plaintiff Tollerton placed an order with a Papa John's location in Hillsborough County, Florida, owned by Papa John's. Plaintiff Tollerton selected the option of having the order delivered as opposed to picking up the order at the store. The total charge for the food ordered was $24.00. Additionally, Defendant charged a $3.00 delivery fee. The applicable sales tax rate for the charge was 7%. The total sales tax charged on the order was $1.89. Under Florida law, Defendant was only permitted to charge $1.68 in sales tax—7% of

the $24.00 food charge. Accordingly, Defendant required Plaintiff Tollerton to pay an additional $0.21 in sales tax for a non-taxable service.

24. On December 29, 2013, Plaintiff Tollerton placed an order with a Papa John's location in Hillsborough County, Florida, owned by Papa John's. Plaintiff Tollerton selected the option of having the order delivered as opposed to picking up the order at the store. The total charge for the food ordered was $29.00. Additionally, Defendant charged a $3.00 delivery fee. The applicable sales tax rate for the charge was 7%. The total sales tax charged on the order was $2.24. Under Florida law, Defendant was only permitted to charge $2.03 in sales tax—7% of the $29.00 food charge. Accordingly, Defendant required Plaintiff Tollerton to pay an additional $0.21 in sales tax for a non-taxable service.

## CLASS REPRESENTATION ALLEGATIONS

25. Common issues predominate when, as here, liability can be determined on a class wide basis, even when there will be some individualized damages and determinations.

26. There are questions of law and fact that are common to the Plaintiffs' and Class Members' claims. These common questions predominate over any question that goes particularly to any individual member of the Class. Among such common questions of law and fact are the following:

    a.    Whether Defendants provided customers with an option to choose either carry-out or delivery for food ordered at a Papa John's location in Florida.

    b.    Whether Defendants charged a sales tax on the delivery fee charged to its customers who selected to have their food delivered.

    c.    Whether Defendants were negligent in charging sales tax on delivery fees.

    d.    Whether Defendants negligently misrepresented that a sales tax was owed on delivery fees charged to its customers.

    e.    Whether Defendants negligently calculated the sales tax owed by its customers for delivery orders.

27. When determining whether common questions predominate, courts focus on the liability issue, and, if the liability issue is common to the class as is the case at bar, common questions will be held to predominate over individual questions. In this case, each proposed class member who ordered a pizza from a Papa John's location in Florida and selected to have the order delivered paid sales tax on the delivery fee charged by Defendants and other franchise owners. The question of liability is identical for every Florida customer as the Florida law governing sales tax is applied universally throughout the State. While the specific damages each customer suffered will vary depending on the sales tax rate of the county or city where the order was placed, the question as to whether Defendants are liable for charging sales tax on delivery fees is common to the entire class. Accordingly, the issue of liability will predominate over the individual question of specific damages suffered by each individual.

28. Prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

29. Defendants have acted or failed to act in a manner generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

30. Plaintiffs bring this action against Defendants pursuant to Florida Rule of Civil Procedure 1.220 on behalf of themselves and all others similarly situated. Plaintiffs seek to certify the following class:

> **All individuals who ordered food from any Papa John's location in the State of Florida and selected to have their order delivered, were charged a delivery fee, and charged and paid sales tax on the itemized delivery fee.**

31. Excluded from this class are Defendants, its affiliates, subsidiaries, agents, board members, directors, officers, and employees, and Plaintiffs' counsel.

32. Plaintiffs reserve the right to modify or amend the definitions of the proposed class before the Court determines whether certification is appropriate.

33. The individual class members are numerous and joinder of all members is impracticable. According to a 2013 annual report, Papa John's Corporate has 274 locations in Florida. The number of orders placed by customers who selected to have their order delivered during the time relevant to this Complaint is substantial.

34. The individual class members are ascertainable as the names, orders, and addresses of all class members can be identified in the business records maintained by the Defendants. Plaintiffs do not anticipate any difficulties in the management of the action as a class action.

35. Plaintiffs are members of the Class. Plaintiffs' claims are typical of the claims of the Class because of the similarity, uniformity, and common purpose of the unlawful conduct of Defendants. Each class member has sustained, and may sustain damages in the future, in the same manner as Plaintiffs as a result of Defendants' wrongful conduct.

36. Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel, experienced in litigation of this nature, to represent them. There is no hostility between Plaintiffs and unnamed class members. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

37. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

    a. Individual claims by class members are impractical because the costs to pursue individual claims exceed the value of what any one class member has at stake. As a result, individual class members have no interest in prosecuting and controlling separate actions, yet if the action is not prosecuted, Defendants will continue their wrongful actions;

    b. There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

c. The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

d. Individual suits would not be cost effective or economically maintainable as individual actions; and

e. The action is manageable as a class action.

## COUNT I
## NEGLIGENCE
## PAPA JOHN'S

38. Plaintiffs reallege the preceding paragraphs.

39. Papa John's owed Plaintiffs, and all others similarly situated, a duty to exercise reasonable care to determine, represent, and charge the correct amount of sales tax on food and services delivered to its customers.

40. Papa John's was negligent and breached its duty of reasonable care in the following the following respects:

a. Papa John's negligently misrepresented a sales tax for food delivered to customers that included a sales tax on Defendant's delivery fee.

b. Papa John's charged and collected sales tax on delivery fees charged to its customers in violation of Florida law.

41. As a direct and proximate result of Papa John's negligence, Plaintiffs, and all others similarly situated, paid sales tax on non-taxable services.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, sue Defendant, Papa John's International, Inc., and Papa John's USA, Inc., for compensatory damages, including pre-judgment interest, and costs of this action and demands trial by jury of all matters triable as of right by a jury.

## COUNT II
## NEGLIGENCE
## TBAKER PIZZAMAKER, LLC

42. Plaintiff, Bruce Schojan, realleges the preceding paragraphs.

43. Tbaker Pizzamaker owed Plaintiff Schojan, and all others similarly situated, a duty to exercise reasonable and prudent efforts to determine, represent, and charge the correct amount of sales tax on delivery orders.

44. Tbaker Pizzamaker was negligent and breached its duty of reasonable care in the following the following respects:

    a. Tbaker Pizzamaker negligently misrepresented a sales tax for food delivered to customers that included a sales tax on Defendant's delivery fee.

    b. Tbaker Pizzamaker charged and collected sales tax on delivery fees charged to its customers in violation of Florida law.

45. As a direct and proximate result of Tbaker Pizzamaker's negligence, Plaintiff Schojan, and all others similarly situated, paid sales tax on non-taxable services.

WHEREFORE, Plaintiff, Bruce Schojan, on behalf of himself and all others similarly situated, sue Defendant, Tbaker Pizzamaker, LLC, for compensatory damages, including pre-judgment interest, and costs of this action and demands trial by jury of all matters triable as of right by a jury.

### COUNT III
### DECLARATORY AND INJUNCTIVE RELIEF
### ALL DEFENDANTS

46. Plaintiffs reallege the preceding paragraphs.

47. This is an action for declaratory and permanent injunctive relief.

48. As described above, Defendants charged and collected sales tax on delivery fees charged to its customers.

49. Florida Administrative Code 12A-1.045 precludes sales tax from being charged on delivery services of goods where the purchaser has the option of picking put the goods or having the good delivered by the seller.

50. Defendants' give customers the option of picking up orders at the location where the order is made or having the order delivered. If the customer chooses delivery, Defendants add a delivery fee to the order and charge sales tax on the fee.

51. The additional sales tax is charged in violation of Florida law.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, seek declaratory and permanent injunctive relief precluding Defendants from charging sales tax on delivery fees charged to its customers in Florida.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, demand trial by jury on all issues so triable.

WHEREFORE, Plaintiffs pray that this Court certify this case as a class action and allow Plaintiffs to pursue claims and relief described hereinabove on behalf of themselves and all others similarly situated; that the Court certify the class identified above; that Plaintiffs be awarded the maximum amount of damages allowed by applicable law; declaratory and injunctive relief, pre-judgment interest; for a trial by jury on all issues so triable; for attorneys' fees, costs; and all other appropriate relief.

Dated this day 3rd of April, 2014.

_____
ALAN F. WAGNER, ESQUIRE
Florida Bar No. 0374105
JASON WHITTEMORE, ESQUIRE
Florida Bar No. 0037256
Wagner, Vaughan & McLaughlin, P.A.
601 Bayshore Blvd., Suite 910
Tampa, Florida 33606
(813) 225-4000
Primary e-mail: AlanWagner@WagnerLaw.com
Secondary e-mail: Jason@WagnerLaw.com
Secondary e-mail: Vicky@WagnerLaw.com
Attorneys for Plaintiffs