IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BRUCE SCHOJAN, SEAN TIMMONS, and CHRISTOPHER TOLLERTON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PAPA JOHN'S INTERNATIONAL, INC., PAPA JOHN'S USA, INC., and TBAKER PIZZAMAKER, LLC, d/b/a Papa John's #1219,<br><br>    Defendants. | No. 8:14-cv-1218-T33MAP |

**DEFENDANTS, PAPA JOHN'S INTERNATIONAL, INC.
AND PAPA JOHN'S USA, INC.'S UNOPPOSED MOTION FOR
<u>ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT</u>**

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), Defendants Papa John's International, Inc., and Papa John's USA, Inc. (the "Papa John's Defendants"), move to enlarge their time to respond to the Complaint to June 6, 2014. The grounds supporting this motion are set forth below.

About April 22, 2014, Plaintiffs served their First Amended Class Action Complaint and Demand for Jury Trial (the "Complaint" [ECF No. 2]). Plaintiffs allege that each of 274 corporate and franchised Papa John's locations in Florida charges an unlawful sales taxes on food delivery fees. Plaintiffs seek damages as well as injunctive and declaratory relief on their own behalf and on behalf of a putative class of "[a]ll individuals who ordered food from any Papa John's location in the State of Florida and selected to have their order delivered, were charged a delivery fee, and charged and paid sales tax on the itemized delivery fee." Compl. ¶ 30.

Before removal, and by agreement of the parties, the Papa John's Defendants' time to respond to the Complaint was initially set as May 22 and was subsequently extended to June 6.

The Papa John's Defendants removed this action on May 22. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), the Papa John's Defendants' response to the Complaint is due by May 29. However, Fed. R. Civ. P. 6(b)(1)(A) authorizes the Court to extend the deadline for good cause.

The Papa John's Defendants seek an enlargement of time to respond in view of (1) the parties' pre-removal agreement, on which the Papa John's Defendants have relied and (2) the factual and legal complexity of the Complaint, which seeks relief on behalf of a state-wide class based on a novel theory of liability—that certain sales taxes collected by the Defendants and remitted to the State of Florida Department of Revenue were not authorized by Florida law.

For the foregoing reasons, and because Plaintiffs will suffer no prejudice from a brief enlargement, the Papa John's Defendants respectfully request an enlargement of their time to respond to the Complaint to June 6, 2014.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), on May 23, 2014, counsel for the Papa John's Defendants, David B. Weinstein, conferred with counsel for Plaintiff, Alan F. Wagner, who agreed to the requested enlargement.

[Attorney's Signature Appears on Following Page]

Dated: May 23, 2014

Respectfully submitted,

/s/ Andrew J. Patch
David B. Weinstein
Florida Bar No. 604410
weinsteind@gtlaw.com
Andrew J. Patch
Florida Bar No. 0091577
patcha@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 East Twiggs Street, Suite 100
Tampa, Florida  33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
*Trial Counsel for Defendants,*
*Papa John's International, Inc.,*
*and Papa John's USA, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on May 23, 2014, the foregoing Agreed Motion for Enlargement of Time to Response to the Complaint was filed with the Clerk.

/s/ Andrew J. Patch
Attorney