```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

BRUCE SCHOJAN, et al.,

     Plaintiffs,

v.                             Case No. 8:14-cv-1218-T-33MAP

PAPA JOHN'S INTERNATIONAL INC.
and PAPA JOHN'S USA, INC.,

     Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Papa John's International, Inc. and Papa John's USA, Inc.'s ("Papa John's") Motion to Dismiss or to Stay Action (Doc. # 15) which was filed on June 13, 2014. Bruce Schojan, Sean Timmons, and Christopher Tollerton ("Plaintiffs") filed their Response (Doc. # 21) on June 30, 2014. The Court held oral argument on July 16, 2014. For the reasons that follow and the reasons stated at the hearing on July 16, 2014, the Court denies the Motion to Dismiss.

**I.**    **Background**

Plaintiffs filed this putative class action in state court on March 28, 2014, alleging that Papa John's negligently misrepresented a sales tax for food delivered to customers that included a sales tax on Papa John's delivery fee. (Doc. # 2 at ¶ 40). Furthermore, Plaintiffs claim that Papa John's

charged and collected excess sales tax on delivery fees charged to its customers in violation of Florida law. (Id.). Specifically, Plaintiffs allege that Papa John's included in the base amount upon which the tax was calculated a $3.00 delivery fee that Plaintiffs claim is exempt from taxation under Florida law because it is not "part of the [relevant pizza] sale[s]." (Doc. # 15 at 2).

Papa John's removed the case to this Court on May 22, 2014, under the Class Action Fairness Act. (Doc. # 1). Papa John's now asks the Court to dismiss the case, or alternatively, to stay the case.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, in Twombly, the Supreme Court cautioned:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

> the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted).

Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

## III. Analysis

### A. Florida Statutes

Papa John's claims that Florida law precludes a direct purchaser action against a retailer to recover alleged overpayments that have been remitted to the State. (Doc. # 15 at 4). Papa John's cites to Florida Statutes § 212.07(1)(a) and § 212.18, alleging that under Florida law, when a retailer, vendor, or dealer collects sales tax from a purchaser, it does so as an involuntary agent of the State, and any sums collected as taxes from purchasers must be remitted to the Florida Department of Revenue. (Id.). Papa John's further contends that Florida Statute § 213.756

3

expressly bars the purchaser from recovering from a retailer alleged overpayments that have been remitted to the Florida Department of Revenue. (Id. at 6).

Florida Statute § 213.756, provides in relevant part:

> (2)(a) In any action by a purchaser against a retailer, dealer, or vendor to obtain a refund of or to otherwise recover taxes, fees, or surcharges collected by the retailer, dealer, or vendor from the purchaser:
>
> > 2. The sole remedy in the action is damages measured by the difference between what the retailer, dealer, or vendor collected as a tax, fee, or surcharge and what the retailer, dealer, or vendor paid to the taxing authority plus any discount or collection allowance authorized by law and taken by the retailer, dealer, or vendor; and
> >
> > 3. It is an affirmative defense to the action when the retailer, dealer, or vendor remitted the amount collected from the purchaser to the appropriate taxing authority, less any discount or collection allowance authorized by law.

Papa John's claims that under § 213.756(2)(a)(2), even if Papa John's wrongfully collects a sales tax on delivery, Plaintiffs have no remedy against Papa John's unless Papa John's failed to remit the resulting overcharges (less the authorized collection allowance) to the Florida Department of Revenue. (Doc. # 15 at 8). Papa John's contends that because Plaintiffs have not alleged that Papa John's retained any portion of the taxes it collected, the complaint does not state a plausible claim to relief under Rule 8(a), Fed. R.

4

Civ. P. and should be dismissed under Rule 12(b)(6), Fed. R. Civ. P. (Id.). According to Papa John's, the Plaintiffs' remedy lies with the Florida Department of Revenue. (Id. at 10).

Plaintiffs claim that Papa John's improperly moves to dismiss based on an affirmative defense -- Florida Statute § 213.756 -- not found on the face of the complaint. (Doc. # 21 at 5). Plaintiffs assert that the factual matters relative to Papa John's affirmative defenses have no bearing on whether Plaintiffs have properly pled a claim for negligence or injunctive relief arising out of Papa John's practice of charging and collecting sales tax on delivery fees. (Id. at 6). Plaintiffs contend that they are not required to anticipate affirmative defenses in pleading their complaint. (Id.); see La Grasta v. First Union Sec., 358 F.3d 840, 845 (11th Cir. 2004)("plaintiffs [are] not required to negate an affirmative defense in [their] complaint"); Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984) vacated on petition for rehearing, reinstated by 764 F.2d 1400 (11th Cir. 1985)(a complaint may only be dismissed based on an affirmative defense "when [the complaint's] own allegations indicate the existence of an affirmative defense").

5

Furthermore, Plaintiffs claim that Florida Statute § 213.756 has limited applicability in this case and cannot entirely eliminate Plaintiffs' claims. (Doc. # 21 at 8). According to Plaintiffs, § 213.756 is not a bar to a suit, but rather in a claim by a purchaser against a "retailer, vendor, or dealer" who has "collected" taxes improperly, that single defendant has "an affirmative defense" when it proves that it has "remitted the amount collected" to the Florida Department of Revenue. (Id.). Plaintiffs contend that the statute does not indicate that a purchaser's refund claim against a retailer should be dismissed under any circumstances. (Id.). Furthermore, Plaintiffs claim that the statute does not prohibit injunctive relief to stop the unlawful charging and collection of what they allege is an illegal sales tax. (Id. at 10).

This Court agrees that Plaintiffs are not required to anticipate affirmative defenses in pleading their complaint. See La Grasta, 358 F.3d at 845. Therefore, the Court declines to consider Papa John's affirmative defenses under Florida Statute § 213.756 at this early juncture. Under Rule 12(b)(6), Fed. R. Civ. P., the Court may only dismiss a complaint based on an affirmative defense when "the defense clearly appears on the face of the complaint," which it does not in this particular case. See Quiller 727 F.2d at 1069. Under Rule 8,

6

Fed. R. Civ. P., a plaintiff must only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint states,

> 40. Papa John's was negligent and breached its duty of reasonable care in the following respects:
>
>    a. Papa John's negligently misrepresented a sales tax for food delivered to customers that included a sales tax to Defendant's delivery fee.
>
>    b. Papa John's charged and collected sales tax on delivery fees charged to its customers in violation of Florida law.
>
> 41. As a direct and proximate result of Papa John's negligence, Plaintiffs, and all other similarly situated, paid sales tax on non-taxable services.

(Doc. # 2 at ¶¶ 40, 41). The Court agrees that Plaintiffs have adequately pled a claim for negligence and do not need to anticipate affirmative defenses in pleading their complaint. Therefore, the Motion to Dismiss is denied in this regard.

### B. Voluntary Payment Doctrine

Papa John's claims that the complaint should be dismissed because, under Florida's voluntary payment doctrine, money voluntarily paid under a claim of right, with full knowledge of the material facts, cannot be recovered merely because the paying party, at the time of the payment, mistook the law as to his liability to pay. See Hassen v.

7

MediaOne of Greater Fla., Inc., 751 So. 2d 1289, 1290 (Fla. 1st DCA 2000)("It does not matter that the payment may have been made upon a mistaken belief as to the enforceability of the demand, or liability under the law, as long as payment is made with knowledge of the factual circumstances"); Sanchez v. Time Warner, Inc., No. 98-211-CIV-T-26A, 1998 WL 834345, at *3-4 (M.D. Fla. Nov. 4, 1998)(granting the defendant's motion to dismiss because the plaintiff's claims were barred by the voluntary payment doctrine). Papa John's alleges that Plaintiffs paid sales tax on delivery fees with knowledge of the facts, including both the amount of the sales tax charged and the base amount upon which it was calculated, and therefore their claims are barred. (Id. at 13).

Plaintiffs contend that the application of the voluntary payment doctrine involves a fact-intensive examination that cannot be resolved on a motion to dismiss. (Doc. # 21 at 11). Plaintiffs cite to numerous cases to support their claim that courts routinely hold that it is inappropriate to dismiss a complaint in reliance upon the voluntary payment doctrine because it is an affirmative defense that "often entails a fact-based inquiry and is not suited for resolution at the dismissal stage." Cableview Comm'ns of Jacksonville, Inc. v. Time Warner Cable SE LLC, No. 3:13-cv-306-J-34JRK, 2014 WL 1268584, at *20 (M.D. Fla. March 27, 2014) (internal citation

8

omitted); Taylor, Bean & Whitaker Mort. Corp. v. GMAC Mort. Corp., No. 5:05-cv-260-Oc-GRJ, 2007 WL 1114045 (M.D. Fla. April 12, 2007). Plaintiffs assert that Papa John's statement that Plaintiffs voluntarily paid the allegedly illegal sales tax "with full knowledge of the facts" (Doc. # 15 at 11) is a conclusory statement that finds no support in the complaint itself. (Doc. # 21 at 12).

Furthermore, Plaintiffs claim that there is no enforceable obligation to pay a tax that is not permitted to be levied under Florida law. (Id. at 14). Plaintiffs cite to Florida Statute § 725.04, which provides:

> When a suit is instituted by a party to a contract to recover a payment made pursuant to the contract and by the terms of the contract there was no enforceable obligation to make the payment or the making of the payment was excused, the defense of voluntary payment may not be interposed by the person receiving payment to defeat recovery of the payment.

Therefore, Plaintiffs assert that the voluntary payment doctrine is inapplicable to their claims. (Doc. # 21 at 14).

Plaintiffs also argue that the voluntary payment doctrine is available only to the specific entity that collected the excess payment and from whom relief is sought. (Id. at 15). Therefore, the doctrine does not preclude a suit by one who pays a bill because of another's negligence, as Plaintiffs allege here. (Id.). Finally, Plaintiffs contend

9

that discovery on the nature of the payments made and the relationship between the parties is required to determine if the voluntary payment doctrine applies and whether one or more of the many exceptions to the rule preclude its application. (Id. at 16).

Plaintiffs rely on numerous cases to support their assertion that, under Florida law, if a tax is collected illegally and payment is involuntary, the payer of that tax may bring a cause of action against the entity collecting the tax regardless of the common-law rule cited by Papa John's. See., e.g., Broward Cnty. v. Mattel, 397 So. 2d 457, 460 (Fla. 4th DCA 1981)("under the common law if the payment of a tax is deemed involuntary, a tax which is unlawfully collected may be recovered back by appropriate action."); Bill Stroop Roofing, Inc. v. Metro. Dade Cnty., 788 So. 2d 365, 368 (Fla. 3d DCA 2001)(finding that an illegal fee was required to be paid with other, legitimate fees, and return of the illegal fees was justified).

This Court agrees with Plaintiffs that it is inappropriate to dismiss this case based on the voluntary payment doctrine at this preliminary juncture. See Cableview Comm'ns of Jacksonville, Inc., 2014 WL 1268584, at *20 ("the voluntary payment doctrine does not warrant dismissal at this motion to dismiss stage of the proceedings"); Taylor, Bean &

10

Whitaker Mort. Corp., 2007 WL 1114045, at *6 ("the voluntary payment doctrine is an affirmative defense that normally should not be considered on a motion to dismiss"). Whether or not the Plaintiffs paid the sales tax with full knowledge of the situation is a question of fact that the Court cannot reconcile on a motion to dismiss.

**C. Administrative Remedies**

Papa John's contends that Plaintiffs are seeking a refund of taxes paid to the State and must first pursue a refund claim under § 215.26, Florida Statutes. (Id. at 15). According to Papa John's, Florida law allows a taxpayer to seek a refund of tax payments made in error by filing an application for refund with the Florida Department of Revenue within three years. (Id.). Therefore, Papa John's asserts that the taxpayer must seek an administrative remedy from the Florida Department of Revenue before contesting the legality of a refund denial or tax assessment in court. (Id.). Papa John's contends that each member of the putative class must file and be denied a refund of the taxes at issue in this case before seeking to recover them in court. See In P.R. Mktg. Grp., Inc. v. GTE Fla., Inc., 747 So. 2d 962, 964 (Fla. 2d DCA 1999)(determining that each member of the proposed class who had been charged an allegedly improper tax was

11

required to file an individual refund claim before he could be included in any plaintiff class).

Plaintiffs counter that they do not have an administrative remedy to recover the allegedly illegal sales tax paid on delivery fees. (Doc. # 21 at 16). According to the Plaintiffs, the Florida Administrative Code and the Department of Revenue expressly prohibit the Plaintiffs from seeking a refund from the Florida Department of Revenue. (Id. at 18). Plaintiffs cite to Chapter 12-26 of the Florida Administrative Code, which requires the submission of Form DR-26S to obtain any refund claimed for sales tax. The form permits only a "business or individual who has made a payment directly to the Florida Department of Revenue . . . [to] apply for a refund." (Id.). Furthermore, Plaintiffs point to Rule 12A-1.014(4) of the Florida Administrative Code which provides: "a taxpayer who has overpaid tax to a dealer, or who has paid tax to a dealer when no tax is due, must secure a refund of the tax from the dealer and not from the Department of Revenue." (Id.) Therefore, according to the Plaintiffs, a refund from the Department of Revenue is available only to company-owned restaurants and franchised Papa John's that collected the allegedly illegal tax and paid to the Florida Department of Revenue, and there is no administrative remedy for the Plaintiffs. (Id. at 19).

12

Papa John's has not convinced the Court that dismissal is warranted due to the presence of an administrative remedy. Plaintiffs are not a "business or individual who ha[ve] made a payment directly to the Florida Department of Revenue." Therefore, they do not fall into the category required by Chapter 12-26 of the Florida Administrative Code to submit the form to obtain any refund claimed for sales tax. Furthermore, according to Florida Administrative Code Rule 12A-1.014(4), Plaintiffs must seek a refund directly from the dealer, not the Florida Department of Revenue. See Fla. Admin. Code R. 12A-1.014(4). Therefore, the Court agrees that the Plaintiffs have no administrative remedy and the Motion to Dismiss is denied in this regard.

**D. Primary Jurisdiction of the Department of Revenue**

Papa John's requests that, if the Court declines to dismiss the complaint, then the Court should stay the case until the Florida Department of Revenue first makes a determination as to whether the delivery fees are taxable. (Doc. # 15 at 17). Papa John's argues that Plaintiffs' claims are based on a specialized area of law whose interpretation and enforcement have been specifically assigned by the Florida legislature to the Florida Department of Revenue, and the agency should make its determination on the propriety of the taxes before the Court weighs in on the matter. (Id.).

13

See Boyes v. Shell Oil Prods., Inc., 199 F.3d 1260, 1265 (11th Cir. 2000)("The main justifications for the rule of primary jurisdiction are the expertise of the agency deferred to and the need for a uniform interpretation of a statute or regulation"). Papa John's claims that the issue of whether delivery fees are taxable lies squarely within the special competence of the Florida Department of Revenue, and deference is required to preserve the integrity of Florida's administrative scheme for sales taxes and uniformity in an unusually complex and important area of the law. (Id.).

Plaintiffs contend that there is no reason to stay this action to seek guidance from the Florida Department of Revenue as to whether separately invoiced, avoidable sales taxes on delivery fees are taxable, because this practice is clearly illegal. (Doc. # 21 at 19). Plaintiffs rely on Florida Department of Revenue v. B & L Concepts, Inc., 612 So. 2d 720, 721 (Fla. 5th DCA 1993), where the court held that, with respect to the propriety of taxing delivery fees, that:

> If such service charges or fees are separately itemized and applied at the sole option or election of the vendee or lessee, or can be avoided by decision or action on the part of the vendee or lessee alone, then those charges and fees are only incidental to the sale, are not part of the "sales price" and are not subject to sales tax.

14

Plaintiffs also cite to the Florida Administrative Code, in a binding rule of law promulgated by the Florida Department of Revenue, which provides that:

> The charge for transportation services is not subject to tax when both of the following conditions have been met:
>
> 1. The charge is separately stated on an invoice or bill of sale; and
>
> 2. The charge can be avoided by a decision or action solely on the part of the purchaser.

Fla. Admin. Code R. 12A-1.045(4)(a)(Effective October 17, 1994). Therefore, Plaintiffs argue that the charge and collection of sales tax on a Papa John's pizza delivery fee is patently illegal, and the Court needs no further input from the Department of Revenue. (Doc. # 21 at 19).

This Court agrees with the Plaintiffs that a stay of the case is not necessary pending a determination from the Florida Department of Revenue. The Florida Administrative Code provides that the charge for transportation services is not subject to tax when the charge is separately stated on an invoice or bill of sale and the charge can be avoided by a decision or action on the part of the purchaser. See Fla. Admin. Code R. 12A-1.045(4)(a). Therefore, the Court

15

declines to stay this action and the Motion to Dismiss is denied.[1]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Papa John's Motion to Dismiss or to Stay Action (Doc. # 15) is **DENIED.**

(2) Papa John's response to the complaint shall be filed on or before July 30, 2014.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 23rd day of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

[1] The Court also declines to convert the present Motion into a motion for summary judgment.

16