```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

BRUCE SCHOJAN, ET AL.,

        Plaintiffs,
v.                                  Case No.  8:14-cv-1218-T-33MAP

PAPA JOHN'S INTERNATIONAL, INC.,
ET AL.,

        Defendants.
_____/
```

**ORDER**

This matter is before the Court pursuant to Plaintiffs' Agreed Motion to Seal Motion for Summary Judgment and Agreed Motion to Seal Motion for Class Certification, both tendered to the Court on September 15, 2014. Upon due consideration, the Court denies the Motions to Seal. The Court directs the Clerk to file the Motions to Seal on the public record.

**Analysis**

Plaintiffs have tendered to the Court a Motion for Summary Judgment and a Motion for Class Certification, and seek leave to file these two Motions under seal. The manner in which Plaintiffs have submitted these documents to the Court is in direct contravention of the Local Rules. Specifically Local Rule 1.09(a) directs the proponent of a motion to seal to "file and serve the Motion" and further explains, "The movant shall not file or otherwise tender to

the Clerk any item proposed for sealing unless the Court has granted the motion . . . ." Local Rule 1.09(a).

Here, instead of filing the Motions to Seal on the public record, Plaintiffs have submitted the Motions to Seal to the Clerk and have attached the items proposed for sealing. Plaintiffs' failure to comply with these technical requirements justifies an Order denying the Motions to Seal. However, the Court will provide further analysis of its reasoning for denial of the Motions to Seal.

Plaintiffs assert that the Court should seal these Motions and the exhibits thereto because these documents are subject to the terms of a confidentiality agreement and protective order. In this district, the proponent of a motion to seal must include: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason for sealing each item; (iv) the reason that a means other than sealing is unsatisfactory to preserve the interest advanced by the motion to seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of law. See Local Rule 1.09(a), M.D. Fla. The relevant rule also states: "Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year,

2

although a seal is renewable by a motion that complies with (b) of this rule, identifies the expiration of the seal, and is filed before the expiration of the seal." See Local Rule 1.09(c), M.D. Fla.

The Court acknowledges that Plaintiffs have enumerated the items to be sealed, but Plaintiffs have not shown why any of the documents should be sealed or provided the other relevant information required by Local Rule 1.09. Plaintiffs' conclusory assertion that the documents are subject to a protective order is insufficient to justify shielding these proceedings from the public.

Furthermore, while the Court recognizes that the parties have entered into a confidentiality agreement, the Court has explained in its Case Management and Scheduling Order governing the course of these proceedings that "[w]hether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.09." (Doc. # 125 at 5).

In addition to the technical requirements of the Court's Local Rules, the law of the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court

3

will deny public access to judicial proceedings. As explained by the Eleventh Circuit in <u>Brown v. Advantage Engineering, Inc.</u>, 960 F.2d 1013, 1016 (11th Cir. 1992), "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case." American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." <u>Nixon v. Warner Comms., Inc.</u>, 435 U.S. 589, 597 (1978).

The Eleventh Circuit has noted, "The operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." <u>Romero v. Drummond Co.</u>, 480 F.3d 1234, 1245 (11th Cir. 2007)(internal citations omitted). The court further explained, "This right of access includes the right to inspect and copy public records and documents. This right of access is not absolute, however [and] may be overcome by a showing of good cause." <u>Id.</u>

The First Amendment to the United States Constitution also provides a qualified right of access to trial proceedings, although this right "has a more limited

4

application in the civil context than it does in the criminal [context]." <u>Chi. Tribune Co. v. Bridgestone/Firestone, Inc.</u>, 263 F.3d 1304, 1310 (11th Cir. 2001). Where this constitutional right of access applies, any denial of access requires a showing that it "is necessitated by a compelling governmental interest, and is narrowly tailored to [serve] that interest." <u>Id.</u>

In addition to failing to meet the requirements of the Local Rules, Plaintiffs have not shown good cause to override the common law and First Amendment rights of the public to review court documents. The Motions are accordingly denied. The Clerk is directed to file the Motions to Seal on the public record. In the instance that Plaintiffs seek to file their Motion for Summary Judgment and Motion for Class Certification, Plaintiffs should file the Motions on the open record.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Plaintiffs' Agreed Motion to Seal Motion for Summary Judgment and Agreed Motion to Seal Motion for Class Certification are **DENIED**.

(2) The Clerk is directed to file the Motions to Seal on the public record. In the instance that Plaintiffs seek to

5

file their Motion for Summary Judgment and Motion for Class Certification, Plaintiffs should file the Motions on the open record.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of September, 2014.

_____<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record