UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE SCHOJAN, individually
and on behalf of all others
similarly situated, ET AL.,

    Plaintiffs,
v.   Case No. 8:14-cv-1218-T-33MAP

PAPA JOHNS INTERNATIONAL, INC.,
ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Papa John's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. # 67), filed on November 17, 2014. Papa John's[1] moves to dismiss Counts III, IV, and V of the Second Amended Complaint and to strike Plaintiffs' demands for injunctive and declaratory relief. (Id.). Plaintiffs Schojan, Timmons, and Tollerton filed a response in opposition to the Motion on December 4, 2014. (Doc. # 74). For the reasons stated below, the Motion is denied.

**I.   Background**

---

[1] The remaining Defendants in this action are Papa John's International, Inc. and Papa John's USA, Inc. This Court will refer to the Defendants collectively as Papa John's. However, the Defendants refer to Papa John's International, Inc. as PJ International and Papa John's USA, Inc. as PJ USA.

Plaintiffs filed this putative class action in state court on March 28, 2014, alleging that Papa John's negligently misrepresented a sales tax for food delivered to customers that included a sales tax on the Papa John's delivery fee. (Doc. # 2 at ¶ 40). Furthermore, Plaintiffs claim that Papa John's charged and collected excess sales tax on delivery fees charged to its customers in violation of Florida law. (Id.). Specifically, Plaintiffs allege that Papa John's included in the base amount upon which the tax was calculated a $3.00 delivery fee that Plaintiffs claim is exempt from taxation under Florida law because it is not "part of the [relevant pizza] sale[s]." (Doc. # 15 at 2).

Papa John's removed the case to this Court on May 22, 2014, under the Class Action Fairness Act. (Doc. # 1). On June 11, 2014, Plaintiffs filed an unopposed motion to extend the time to file a motion for class certification. (Doc. # 13). This Court granted the motion in part and extended the deadline to September 15, 2014. (Doc. # 14). Thereafter, on June 13, 2014, Papa John's moved to dismiss or alternatively stay this action "because the relief sought – a refund of a purported sales tax overcharge – is barred by section 213.756, Florida Statutes, by the voluntary payment doctrine, and

2

because Plaintiffs failed to exhaust their administrative remedies with the Florida Department of Revenue." (Doc. # 14).

This Court denied Papa John's motion to dismiss on July 23, 2014, and directed Papa John's to file a response to the Complaint. (Doc. # 34). On September 15, 2014, the parties filed agreed motions to seal the motion for summary judgment and motion for class certification. (Doc. ## 50, 51). The Court denied the parties' request to seal documents and directed the motions be filed on the open record. (Doc. # 48). Plaintiffs then filed their motion to certify class on September 30, 2014. (Doc. # 57). That motion was denied without prejudice when this Court granted Plaintiffs leave to amend their Complaint and directed that the motion to certify class could be refiled in conjunction with the new complaint. (Doc. # 58).

Plaintiffs filed the Second Amended Complaint on October 6, 2014. (Doc. # 59). The Motion to Certify Class was filed on October 16, 2014. (Doc. # 60). Papa John's requested an extension of time to respond to the Motion until and including November 17, 2014, which this Court granted. (Doc. ## 63, 64). Papa John's filed its response in opposition to the Motion on November 18, 2014. (Doc. # 68). Simultaneously,

Papa John's filed the present Motion to Dismiss the Second Amended Class Action Complaint and Strike Demand for Injunctive and Declaratory Relief (Doc. # 67), which is now ripe for the Court's review.

## II. Legal Standard

### A. Rule 12(b)(1)- Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).

A facial attack on the complaint requires "the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the

4

purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)(quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). Factual attacks, in comparison, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings. . . ." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(quoting Lawrence, 919 F.2d at 1529). When the jurisdictional attack is factual, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo, 175 F.3d at 960. Because the very power of the Court to hear the case is at issue, the Court is free to weigh evidence outside the four corners of the complaint. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).

### B. Rule 12(b)(6) - Failure to State a Claim

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the]

5

complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Analysis

#### A. Lack of Subject Matter Jurisdiction

In order to establish Article III standing, a plaintiff must demonstrate: (1) an injury in fact, (2) a causal

6

connection between the injury and the conduct complained of, and (3) that the injury is likely to be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). An "injury in fact [consists of] an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Id. at 560 (citations and internal quotations omitted). An allegation of an abstract injury will not suffice. See E.F. Hutton & Co., Inc. v. Hadley, 901 F.2d 979, 984 (11th Cir. 1990) ("Plaintiffs in the federal courts must have a personal stake in the outcome of the case, and must allege some threatened or actual injury resulting from the putatively illegal action. Abstract injury is not enough. . . .") (citations and internal quotations omitted). Absent allegations establishing "a personal detriment" to the plaintiff, jurisdiction does not exist. Zinn v. SCI Funeral Servs. of Fla., Inc., 568 F. App'x 841, 842 (11th Cir. 2014).

According to Papa John's, Plaintiff Timmons lacks standing to bring the FDUPTA claim because the "[i]nvoices could not possibly have caused him any Article III injury." (Doc. # 67 at 18). First, Papa John's submits that "in his September 10, 2014 Affidavit, Timmons described in detail an

7

order that he claimed to have placed some time before this lawsuit [was] filed." (Id.). Eight days later, Timmons retracted the statement because "he did not know whether he had placed the [] Order before or after he became aware that Papa John's restaurants charged sales tax on delivery fees." (Id.). Furthermore, Papa John's argues that "Timmons' latest retraction calls into question whether he ever ordered from Papa John's at a time when he was unaware that Papa John's charged a sales tax on delivery fees." (Id. at 19).

Finally, Papa John's argues that the Plaintiffs lack standing to seek injunctive or declaratory relief because they have not alleged and cannot show a likelihood of future injury from the invoices. (Id. at 20). Papa John's contends that through involvement in this case, Plaintiffs are aware of that which they complain and therefore cannot suffer future harm. (Id. at 21). Specifically, "because they are plainly aware that Papa John's restaurants charge sales tax on delivery fees, Plaintiffs have not alleged and cannot prove a real and immediate threat that they will be harmed in the future by the allegedly deceptive invoices." (Id. at 23).

According to Plaintiffs, however, "Defendants' standing argument should not be a substitute for summary judgment and should not reach the merits or existence of any potential

8

affirmative defenses upon which defendants might prevail at trial or by summary judgment." (Doc. # 74 at 17). Plaintiffs further state that "even though Timmons knew of defendants' unfair practices when he made the purchase referenced in his affidavit, [that] does not change the fact that he suffered an injury-in-fact by having to pay a sales tax he did not lawfully owe." (Id.). Plaintiffs aver that eliminating Timmons' standing at this phase of the proceeding would in essence grant summary judgment on an affirmative defense. (Id.). Plaintiffs further argue that they "are not required to prove a likelihood of future harm to themselves in order to bring a claim for declaratory or injunctive relief." (Id. at 19).

The amount of proof required to establish standing varies with the progression of the litigation. See Lujan, 504 U.S. at 561 ("Since [the standing elements] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."). "To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he

must possess the same interest and suffer the same injury shared by all members of the class he represents." Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974).

Therefore, at this time, Plaintiffs have adequately pled sufficient standing to bring this action. As the litigation progresses, however, Plaintiffs will be required to establish that they have Article III standing to raise the class claims prior to this Court considering whether Plaintiffs adequately represent the proposed class. See Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1279 (11th Cir. 2000)("[P]rior to the certification of a class . . . , the district court must determine that at least one named class representative has Article III standing to raise each class subclaim."). However, Plaintiffs need not prove this requirement at this juncture. "Such fact-intensive Article III standing inquiry is better suited to the class-certification." Porter, 2013 WL 6839872, at *2-3; see Murray v. Auslander, 244 F.3d 807, 810 (11th Cir. 2001) (noting that standing in class actions is a fact-specific inquiry); cf. Clancy v. Bromley Tea Co., No. 12-cv-3003-JST, 2013 WL 4081632, at *4 (N.D. Cal. Aug. 9, 2013)(declining to dismiss a class action on standing grounds even though the purported class related to products that the named plaintiff did not purchase, and noting that "the

question of whether a proposed class can bring claims related to other products is an issue properly addressed at the class certification stage."). Therefore, Papa John's Motion – as to the issue of standing - is denied.

### B. Failure to State a Claim

According to Papa Johns, Plaintiffs failed to state a claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). (Doc. # 67 at 9). To state a claim under FDUTPA, a plaintiff must demonstrate: (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. Hetrick v. Ideal Image Dev. Corp., 758 F. Supp. 2d 1220, 1229 (M.D. Fla. 2010).

To begin, Papa John's contends that Plaintiffs have failed to plausibly allege that they were subjected to a deceptive act or unfair practice. (Doc. # 67 at 9). Specifically, Papa John's argues that Plaintiffs "must allege facts showing that they purchased goods or services from both Papa John's International and Papa John's USA, and that both entities committed unfair or deceptive trade practices in connection with Plaintiffs' purchases." (Id. at 10). According to Papa John's, the Second Amended Complaint fails to satisfy the following requirements:

> Plaintiffs fail to allege facts showing or suggesting that any Plaintiff purchased goods or services from [Papa John's International], which they admit sold them no pizzas and owns no Papa John's restaurants in Florida.
>
> Plaintiffs fail to allege that Plaintiffs, Schojan, Tollerton, and Timmons, purchased goods or services from [Papa John's USA], and these Plaintiffs have admitted they never purchased food for delivery from PJUSA.
>
> Plaintiffs Roberts and Brown fail to allege that they purchased food for delivery from PJUSA.

(Id.).

Also, Papa John's contends that Counts III and IV should be dismissed because the Second Amended Complaint "fails to allege that each Plaintiff suffered loss in connection with a purchase of pizza from Defendants." (Id.). Furthermore, Papa John's argues that Counts III and IV should be dismissed as "the Invoices are not deceptive as a matter of law." (Id. at 11). Papa John's also argues that Plaintiffs have not sufficiently alleged facts showing the Invoices caused them harm. (Id. at 14). Namely, "Plaintiffs do not allege that they relied on the Invoices or that any representation or omission in the Invoices otherwise caused them to purchase or pay a premium for Papa John's pizza." (Id. at 15). As such, Papa John's submits that the Second Amended Complaint merely

recites elements without sufficient factual support and therefore must be dismissed. (Id.).

In response, Plaintiffs submit that they have alleged a deceptive act or unfair practice as Papa John's "charges their Florida customers a sales tax on delivery fees when none is lawfully owed." (Doc. # 74 at 4). Specifically, "they do so by preparing and presenting invoices, e-mails, credit card charge statements, and website statements that mislead a consumer into believing that specific, lawful tax is owed under Florida law." (Id.). Furthermore, according to Plaintiffs, the allegations detail examples of "defendants' deceitful and unfair practices, it also alleges that over $5,000,000 has been wrongfully confiscated from Floridians and that the defendants' continued unlawful conduct causes Floridians to pay over $100,000 of sales tax every month that is not owed and which should never have been charged." (Id. at 6). Plaintiffs aver that consumers have been misled into believing that they were paying a lawful tax when in fact they were not. (Id.).

"[W]hen considering whether a defendant's actions support a finding of unfair methods of competition, unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce, courts have regarded the

13

concept as extremely broad." MJS Music Publ'n, LLC v. Hal Leonard Corp., No. 8:06-cv-488-T30EAJ, 2006 WL 1208015, at *2 (M.D. Fla. May 4, 2006)(internal quotation marks omitted). Whether particular conduct constitutes an unfair or deceptive trade practice is a question of fact. Siever v. BWGaskets, Inc., 669 F. Supp. 2d 1286, 1292-93 (M.D. Fla. 2009).

In order for this Court to make a determination as to whether there was a deceptive act or unfair practice, the Court would be required to look outside the four corners of the Second Amended Complaint, which this Court declines to do at this time. Such a determination is better suited for the summary judgment stage. As this Court finds it appropriate to reserve its analysis on this initial element, the Court further declines to address the elements of causation and actual damages at this juncture. The Court will make its determination on Plaintiffs' FDUTPA claim - in its entirety – when it is not confined to the four corners of the operative complaint. Therefore, Papa John's Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Papa John's Motion to Dismiss Counts III, IV, and V of the Second Amended Complaint and to Strike

14

Plaintiffs' Demand for Injunctive and Declaratory Relief (Doc. # 67) is **DENIED**.

(2) Defendant Papa John's has until and including **December 15, 2014**, to file its Answer to the Second Amended Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of December, 2014.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record