UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE SCHOJAN, individually
and on behalf of all others
similarly situated, ET AL.

       Plaintiffs,

v.                         Case No. 8:14-cv-1218-T-33MAP

PAPA JOHNS INTERNATIONAL, INC.,
ET AL.[1],

       Defendants.
_____/

## ORDER

    This cause comes before the Court for consideration of Plaintiffs, Bruce Schojan, Sean Timmons, and Christopher Tollerton's Motion for Class Certification (Doc. # 60) filed on October 16, 2014. Defendant Papa John's International, Inc. and Papa John's USA, Inc. ("Papa John's") filed a response in opposition (Doc. # 68) on November 18, 2014. Upon due consideration and for the reasons set forth below, Plaintiffs' Motion for Class Certification is granted.

## I.   Background

---

[1] The remaining Defendants in this action are Papa John's International, Inc. and Papa John's USA, Inc. This Court shall refer to the Defendants collectively as Papa John's. However, the Defendants refer to Papa John's International, Inc. as PJ International and Papa John's USA, Inc. as PJ USA.

Plaintiffs filed this putative class action in state court on March 28, 2014, alleging that Papa John's negligently misrepresented a sales tax for food delivered to customers that included a sales tax on the Papa John's delivery fee. (Doc. # 2 at ¶ 40). Furthermore, Plaintiffs claim that Papa John's charged and collected excess sales tax on delivery fees charged to its customers in violation of Florida law. (Id.). Specifically, Plaintiffs allege that Papa John's included in the base amount upon which the tax was calculated a $3.00 delivery fee that Plaintiffs claim is exempt from taxation under Florida law because it is not "part of the [relevant pizza] sale[s]." (Doc. # 15 at 2).

Papa John's removed the case to this Court on May 22, 2014, under the Class Action Fairness Act. (Doc. # 1). On June 11, 2014, Plaintiffs filed an unopposed motion to extend the time to file a motion for class certification. (Doc. # 13). This Court granted the motion in part and extended the deadline to September 15, 2014. (Doc. # 14). Thereafter, on June 13, 2014, Papa John's moved to dismiss or alternatively stay this action "because the relief sought – a refund of a purported sales tax overcharge – is barred by section 213.756, Florida Statutes, by the voluntary payment doctrine, and because Plaintiffs failed to exhaust their administrative

remedies with the Florida Department of Revenue." (Doc. # 14).

This Court denied Papa John's motion to dismiss on July 23, 2014, and directed Papa John's to file a response to the Complaint. (Doc. # 34). On September 15, 2014, the parties filed agreed motions to seal the motion for summary judgment and motion for class certification. (Doc. ## 50, 51). The Court denied the parties' request to seal documents and directed the motions be filed on the open record. (Doc. # 48). Plaintiffs then filed their motion to certify class on September 30, 2014. (Doc. # 57). That motion was denied without prejudice when this Court granted Plaintiffs leave to amend their Complaint and directed that the motion to certify class could be refiled in conjunction with the new complaint. (Doc. # 58).

Plaintiffs filed the Second Amended Complaint on October 6, 2014. (Doc. # 59). The Motion to certify class, which is presently before this Court, was filed on October 16, 2014. (Doc. # 60). Papa John's requested an extension of time to respond to the Motion until and including November 17, 2014, which this Court granted. (Doc. ## 63, 64). Papa John's filed its response in opposition to the Motion on November 18, 2014. (Doc. # 68).

## II.  **Legal Standard**

A district court has broad discretion in determining whether to certify a class. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1569 (11th Cir. 1992); Griffin v. Carlin, 755 F.2d 1516, 1531 (11th Cir. 1985). As explained in Valley Drug Co. v. Geneva Pharmaceuticals, Inc., 350 F.3d 1181, 1187 (11th Cir. 2003), Federal Rule of Civil Procedure 23 "establishes the legal roadmap courts must follow when determining whether class certification is appropriate." Under Rule 23(a), a class may be certified only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  The burden of proof to establish the propriety of class certification rests with the advocate of the class, and failure to establish any one of the four Rule 23(a) factors and at least one of the alternative requirements of Rule 23(b) precludes class certification. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613-14 (1997).

4

This Court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class. Gen. Tel. Co. of the S.W. v. Falcon, 457 U.S. 147, 161 (1982). "Although the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." Valley Drug Co., 350 F.3d at 1188, n.15; see also Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978)("The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action. . . . The more complex determinations required in Rule 23(b)(3) class actions entail even greater entanglement with the merits.")(internal citations omitted).

**III. Analysis**

    **A.   Rule 23(a) Requirements**

Before a class can be certified through one of the provisions of Rule 23(b), it must first satisfy several prerequisites: (1) numerosity; (2) commonality; (3) typicality; and (4) adequate representation. See Buford v. H & R Block, Inc., 168 F.R.D. 340, 347 (S.D. Ga. 1996)(quoting Fed. R. Civ. P. 23(a)).

Under Rule 23(a), a class may be certified only if (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims or defenses of the representatives are typical of the claims and defenses of the unnamed members; and (4) the named representatives will be able to represent the interests of the class adequately and fairly. "Failure to establish any one of these four factors and at least one of the alternative requirements of Rule 23(b) precludes class certification." Valley Drug Co., 350 F.3d at 1188.

### 1. **Numerosity**

Federal Rule of Civil Procedure 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While "mere allegations of numerosity are insufficient," Fed. R. Civ. P. 23(a)(1) imposes a "generally low hurdle," and "a plaintiff need not show the precise number of members in the class." Manno v. Healthcare Revenue Recovery Grp., LLC, 289 F.R.D. 674, 684 (S.D. Fla. 2013); see Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1267 (11th Cir. 2009); Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 930 (11th Cir. 1983)(explaining that the class representative is not required to establish

the exact number in the proposed class). "Nevertheless, a plaintiff still bears the burden of making some showing, affording the district court the means to make a supported factual finding that the class actually certified meets the numerosity requirement." Manno, 289 F.R.D. at 684 (quoting Vega, 564 F.3d at 1267).

Although mere numbers are not dispositive, the Eleventh Circuit has indicated that less than twenty-one class plaintiffs is inadequate, and more than forty class plaintiffs is generally enough to satisfy the rule. Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986). The Court may also consider factors such as "the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claim, judicial economy and the inconvenience of trying individual lawsuits, and the ability of the individual class members to institute individual lawsuits." Walco Inv., Inc. v. Thenen, 168 F.R.D. 315, 324 (S.D. Fla. 1996).

According to Plaintiffs, "over $74,500,000 has been collected as separately stated delivery fees and every penny of that has been taxed at a rate between 6% and 7.55% - translating to over $5,000,000 from Floridians in sales taxes that were never owed and should never have been charged or

collected." (Doc. # 60 at 11, 12). Plaintiffs submit that "any rational assumption about how many pizza's people order a year will produce a class numbering in the tens of thousands – and more likely the hundreds of thousands of people – having been affected by the tax policy here at issue." (Id. at 12).

Upon review, the Court finds that although some of the potential class members identified by Plaintiffs may ultimately not meet the class definition, the submission by Plaintiffs that "numerosity is satisfied here looking only at a single store's collection practice since April 2010, or even a single month of deliveries from Florida's 274 restaurants" (Doc. # 60 at 12), is sufficient to meet the "generally low hurdle" of the numerosity requirement. See Manno, 289 F.R.D. at 684; Vega, 564 F.3d at 1267. Furthermore, the Court finds that a potential class size of thousands or tens of thousands is sufficiently large for the Court to presume joinder is impracticable. See Cox, 784 F.2d at 1553. Therefore, the Court finds that Plaintiffs have met their burden of demonstrating the numerosity requirement.

### 2. Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality pertains to the

8

characteristics of the group or class as a whole, unlike typicality which refers to the individual characteristics of the class representative as compared to those of the class members. _Piazza v. Ebsco Indus. Inc.,_ 273 F.3d 1341, 1346 (11th Cir. 2001) (citing _Prado-Steiman v. Bush,_ 221 F.3d 1266, 1279 (11th Cir. 2000)).

Commonality "does not require complete identity of legal claims." _Johnson v. Am. Credit Co. of Ga.,_ 581 F.2d 526, 532 (5th Cir. 1978). In fact, commonality can be satisfied even with some factual variations among class members. _Armstead v. Pingree,_ 629 F. Supp. 273, 280 (M.D. Fla. 1986).

In _Wal-Mart Stores, Inc. v. Dukes,_ 131 S. Ct. 2541 (2001), the Supreme Court clarified the commonality requirement for class certification by specifically rejecting the use of generalized questions to establish commonality. Noting that "any competently crafted class complaint literally raises common questions," the Court focused the required discussion as follows:

> What matters to class certification . . . is not the raising of common questions – even in droves – but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

Id. at 2551 (internal citation omitted). The Court explained that the "common contention" underpinning a finding of Rule 23(a)(2) "must be of such a nature that it is capable of class wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id.

Plaintiffs argue that the commonality requirement is satisfied because the proposed class has the following common issues of law and fact:

(a) Whether Defendants are permitted to collect sales tax on separately stated delivery fees that are avoidable at the option of the consumer by picking up the food ordered;

(b) Whether customers were and continue to be charged sales tax on separately stated delivery fees that could have been avoided at the option of the consumer;

(c) Whether Defendants charging or collecting, or participating in the charging and collection, of sales tax on separately stated and avoidable delivery fees is a deceptive and unfair practice;

(d) Whether PJ International requires all stores to use PROFIT[2];

---

[2] PROFIT is a computer-based point of sale technology, which integrates with its "proprietary digital ordering platform," the papajohns.com website and mobile applications through which customers may order food for delivery or pickup. (Doc.

(e)   Whether PJ International requires all Florida stores to comply with Florida law regarding sales tax.

(f)   Whether PJ International was negligent;

(g)   Whether PJ International or PJ USA was negligent;

(h)   Whether PJ USA has the ability to obtain a refund from the Florida Department of Revenue for improperly charged, collected, and remitted sales tax on delivery fees and whether PJ International may require its franchisees to do so as well; and

(i)   Whether PROFIT can be configured to exempt delivery fees from sales tax in Florida during those periods of time when a restaurant permits carry out.

(Doc. # 60 at 13-15). According to Plaintiffs, "[t]he uniform practice of Defendants requiring Florida restaurants to use PROFIT in every Papa John's location, combined with the methods by which Defendants implemented and maintained the configuration of the system as it relates to the charging of sales tax, will resolve common issues of fact and law and will apply equally to every member of the proposed class." (Id. at 13).

_____

# 60 at 4). PROFIT is installed at all Papa John's restaurants by PJ USA, at the direction of PJ International. (Id.).

Upon review of the record, the Court finds that there are "questions of law or fact common to the class." The Court further finds that the above outlined questions are sufficient to satisfy the commonality requirement. "These [common questions] are not simply convenient or collateral common [questions]. Rather, these questions are central to the case and their centrality and commonality support the policy objectives behind class certification." Buford, 168 F.R.D. at 350. Therefore, Plaintiffs have met their burden of demonstrating the commonality requirement.

### 3.   Typicality

Class certification also requires that the claims of the class representatives be typical of those of the class. See Fed. R. Civ. P. 23(a)(3). In order to establish typicality, "there must be a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984). "A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." Id.

When the class representative's injury is different from that of the rest of the class, his claim is not typical and he cannot serve as the class representative. <u>Murray v. Auslander</u>, 244 F.3d 807, 811 (11th Cir. 2001). Moreover, when proof of the class representative's claim would not necessarily prove the claims of the proposed class members, the class representative does not satisfy the typicality requirement. <u>Brooks v. S. Bell Tel. & Tel. Co.</u>, 133 F.R.D. 54, 58 (S.D. Fla. 1990). "Typicality, however, does not require identical claims or defenses." <u>Kornberg</u>, 741 F.2d at 1337.  "A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." <u>Id.</u>

Plaintiffs argue that their claims are typical "because each plaintiff placed at least one order with Papa John's and selected to have the order delivered when he had the option to pick the pizza up if he so chose." (Doc. # 60 at 15). The claims and relief sought by Plaintiffs are identical to the proposed class because they: "(1) should not have been charged sales tax on the delivery fee; (2) seek declaratory and injunctive relief to stop Defendants' unlawful practice; and

(3) seek compensation to recover the sales tax wrongfully charged to and collected from them." (Id. at 16).

Papa John's contends that "the named Plaintiffs have not established – and several of them cannot establish – that they meet the requirements of Rule 23(a)." (Doc. # 68 at 8). Papa John's asserts that the named Plaintiffs all admitted (a) each and every time they ordered from Papa John's they understood the amount that was due for food, (b) each and every time they ordered from Papa John's they understood the amount of sales tax that was due, and (c) each and every time they ordered from Papa John's they voluntarily chose to pay the amounts on the receipt. (Id. at 10). Although Papa John's argues that the named Plaintiffs' admissions of voluntary payment render them atypical of the proposed class and unsuitable to serve as class representatives, this Court disagrees. (Id.).

This Court acknowledges Papa John's contention that the typicality element is not met because Plaintiffs may be subject to unique defenses and individualized issues based on their individual relationship with Papa John's that differs from that of members of the potential class. However, this Court finds that those concerns are better addressed under the predominance requirement of Fed. R. Civ. P. 23(b)(3).

14

Therefore, for purposes of the present analysis, the Court will presume the typicality requirement is satisfied.

### 4.  Adequate Representation by Class Representatives

The final requirement for class certification under Rule 23(a) is adequate representation. See Fed. R. Civ. P. 23(a)(4). This prerequisite requires that the class representatives have common interests with the non-representative class members and requires that the representatives demonstrate that they will vigorously prosecute the interests of the class through qualified counsel. Piazza, 273 F.3d at 1346. Thus, the adequacy of representation analysis involves two inquiries: "(1) whether any substantial conflicts of interest exist between the representatives and the class, and (2) whether the representatives will adequately prosecute the action." Valley Drug Co., 350 F.3d at 1189 (quoting In re HealthSouth Corp. Sec. Litig., 213 F.R.D. 447, 460–61 (N.D. Ala. 2003)). "The existence of minor conflicts alone will not defeat a party's claim to class certification." Id. Rather, "the conflict must be a fundamental one going to the specific issues in controversy." Id.

Here, Papa John's contends that Plaintiffs are not adequate class representatives, but Papa John's does not

indicate that any true conflicts of interest exist between Plaintiffs and the class. In addition, Papa John's does not contest the qualifications of Plaintiffs' counsel and there is no indication that Plaintiffs will not adequately prosecute this action. Therefore, this Court finds that Plaintiffs have met their burden of demonstrating the adequacy of representation requirement.

**B.    Rule 23(b) Requirements**

In addition to satisfying the prerequisites of Rule 23(a), parties seeking class certification must satisfy at least one of the alternative requirements of Rule 23(b):

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or

corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

In their Motion for Class Certification, Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(1),(2), and (3). (Doc. # 60 at 16). As Fed. R. Civ. P. 23(b)(3) is the predominant issue and point of contention between the parties in this case and because the Court finds that Plaintiffs satisfy this requirement, the Court will only address that particular section.

Rule 23(b)(3) includes two requirements: (1) that questions of law or fact common to the members of the class

predominate over any questions affecting only individual members (predominance) and (2) that a class action is superior to other available methods for fair and efficient adjudication of the controversy (superiority). <u>Vega v. T-Mobile USA, Inc.</u>, 564 F.3d 1256, 1265 (11th Cir. 2009).

### 1.  <u>Predominance</u>

Under Rule 23(b)(3), "[i]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." <u>Klay v. Humana, Inc.</u>, 382 F.3d 1241, 1254 (11th Cir. 2004). "Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action. Common issues of fact predominate if they have direct impact on every class member's effort to establish liability and on every class member's entitlement to relief." <u>Id.</u> at 1255 (internal citations omitted). As stated in <u>Kerr v. City of West Palm Beach</u>, 875 F.2d 1546, 1558 (11th Cir. 1989), "[T]he issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." (internal citations omitted).

"The predominance inquiry requires an examination of 'the claims, defenses, relevant facts, and applicable substantive law,' . . . to assess the degree to which resolution of the classwide issues will further each individual class member's claim against the defendant." Babineau v. Fed. Express Corp., 576 F.3d 1183, 1191 (11th Cir. 2009)(quoting Klay, 382 F.3d at 1254).

In their Motion, Plaintiffs claim that the predominant dispute in this action is whether either or both Defendants breached a duty of reasonable care and were negligent:

> (a) in charging sales tax on delivery fees, (b) researching the issue and thereafter communicating their conclusions to others, (c) supervising the installation and configuration of PROFIT, (d) configuring PROFIT to tax delivery fees as a default, (e) permitting computer systems to be cloned from one store to the next and thereby making erroneous tax decisions viral, (f) permitting franchisees to violate the law by charging sales tax on delivery fees, (g) failing to warn or communicate to franchisee and store managers the illegality of taxing delivery fees, (h) failing to properly train or supervise those installing PROFIT, and (i) failing to tell consumers that the represented sales tax figure for food delivery includes a sales tax on the delivery fee or to create an invoice via PROFIT that did so.

(Doc. # 60 at 19-20). Plaintiffs contend that the above allegations are all common questions that apply to the entire class and do not require individual proof from each class member. (Id. at 20). Furthermore, "Plaintiffs' common legal

grievance – that Defendants unlawfully charged sales tax on delivery fees in violation of Florida law is the primary fact giving rise to Plaintiffs' negligence claims and a ruling on the above negligence issues will apply to all class members and will be determinative as to whether a claim exists at all for the class." (Id.).

At issue is Plaintiffs' claim that "Defendants have negligently misrepresented to customers that sales tax was lawfully due on delivery fees when the customer had the option to avoid the fee by picking up the pizza." (Id.). It is Plaintiffs' position that "for purposes of certifying a class arising out of this misrepresentation, reliance is proven for the class by simply showing that class members paid money based on Defendants' disclosure that a charge is due for a particular purpose when, in fact, the money is not due for that purpose." (Id.); Turner Greenberg Assocs., Inc. v. Pathman, 885 So. 2d 1004, 1006-07 (Fla. 4th DCA 2004).

According to Papa John's, "to find predominance, a Court must consider the elements of each cause of action, and determine whether those elements can be satisfied by common, class-wide proof." (Doc. # 68 at 13)(quoting In re Currency Conversion Fee Antitrust Litig., 230 F.R.D. 303, 309-10 (S.D.N.Y 2004)). To that end, Papa John's states that

"consideration of the elements of Plaintiffs' negligence and FDUPTA claims makes clear that individual issues predominate over the common issues between the members of the class." (Id. at 13). As to the negligence claims, Papa John's contends that "[b]ecause Plaintiffs must proceed under a theory of negligent misrepresentation, they must establish that each and every member of the class relied on the alleged misrepresentation regarding taxation of delivery fees" and that alone precludes class certification. (Id. at 14). Moreover, Papa John's asserts that Plaintiffs cannot establish causation where Plaintiffs continued to purchase the product even after learning about the alleged misrepresentation. (Id. at 15). "A plaintiff's continued purchase with knowledge of the truth establishes that even without the alleged deception, the plaintiff would still have purchased the product in any event." (Id.).

It is Papa John's contention that numerous individualized inquiries will be required to determine the extent to which Papa John's action "caused" the tax and therefore, Papa John's affirmative defenses of voluntary payment, exhaustion of administrative remedies, and assumption of risk and comparative fault present individualized questions which weighs against class

certification. (Id. at 16, 18). Although this Court notes Papa John's concerns, it finds those concerns to be misplaced at this juncture of the case.

At this preliminary stage, the Court may not pass on the merits of Plaintiffs' claims. Fisher v. Ciba Specialty Chemicals Corp., 238 F.R.D. 273, 296 (S.D. Ala. 2006); See, e.g., Cooper v. Southern Co., 390 F.3d 695, 712 (11th Cir. 2004)(repeating well-worn admonition that Rule 23 does not authorize court to conduct preliminary merits inquiry in making class certification determination); Morrison v. Booth, 763 F.2d 1366, 1371 (11th Cir. 1985) (concurring with district court's assessment that it "could not conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action").

Here, the Court finds that predominance is satisfied in this case. Plaintiffs allege that Papa John's course of conduct commonly, and adversely, affected the entire class. The class members are similarly situated with regard to the readily determined, allegedly excess fees they incurred as a result of a standardized process. The class is unified by both common questions and a common interest. The evidence necessary to establish Plaintiffs' claims is common to both Plaintiffs and all class members; they all seek to prove that

Papa John's delivery tax practice was wrongful. The evidence to be presented by the Plaintiffs has a direct impact on every class member's effort to establish liability and on every class member's entitlement to relief. Moreover, where corporate policies "constitute the very heart of the plaintiffs' . . . claims," as they do here, common issues will predominate because those policies "would necessarily have to be re-proven by every plaintiff." In re Checking Account Overdraft Litig., 286 F.R.D. 645, 656 (S.D. Fla. 2012); Klay, 382 F.3d at 1257; see also Allapattah Servs., Inc. v. Exxon Corp., 333 F.3d 1248, 1261 (11th Cir. 2003), aff'd, 545 U.S. 546 (2005); In re Tyco Int'l, Ltd. Multidistrict Litig., 236 F.R.D. 62, 70 (D.N.H. 2006) (varying degrees of knowledge among class members do not present an obstacle to class certification where other common issues unite the class).

Affirmative defenses do not automatically preclude certification of a class. To the extent that Papa John's argues that affirmative defenses make it such that individual questions would predominate over common questions, the information provided does not sway this Court. (See Id.). Unique affirmative defenses rarely predominate where a common course of conduct is established. Wahl v. Midland Credit

Mgmt., 243 F.R.D. 291, 297–298 (N.D. Ill. 2007). Contrary to Papa John's arguments, there are no unique defenses asserted against the Plaintiffs "which threaten to become the focus of this litigation." Demmick v. Cellco P'ship, No. 06–2163(JLL), 2010 WL 3636216, *7 (D.N.J. Sept. 8, 2010) (citing Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990)). The defenses asserted here against Plaintiffs are related to the class claims and are typical of those that Papa John's will assert against the class. Therefore, this Court finds class certification to be appropriate at this time.

### 2. **Superiority**

The superiority requirement of Rule 23(b)(3) focuses "not on the convenience or burden of a class action suit *per se*, but on the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." Klay, 382 F.3d at 1269. "It is only when [management] difficulties make a class action less fair and efficient than some other method, such as individual interventions or consolidation of individual lawsuits, that a class action is improper." Carnegie v. Mut. Sav. Life Ins. Co., No. 99-cv-3292, 2002 U.S. Dist. LEXIS 21396, at *76-77 (N.D. Ala. Nov. 1, 2002).

The Court has examined the factors enumerated in Rule 23(b)(3)(A)-(D), such as "the class members' interest in individually controlling the prosecution . . . of separate actions," "the desirability or undesirability of concentrating the litigation of the claims in the particular forum," and manageability issues. After so doing, the Court determines that class wide resolution of the dispute is superior to other methods of adjudication. This is especially so because the Court has already determined that Plaintiffs satisfied the predominance prong of Rule 23(b)(3): "the predominance analysis . . . has a tremendous impact on the superiority analysis . . . for the simple reason that, the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims." <u>Klay</u>, 382 F.3d at 1269. Furthermore, "the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that a class action would be the superior method of adjudicating the [] claim." <u>Hicks v. Client Servs., Inc.</u>, No. 07-61822, 2008 U.S. Dist. LEXIS 101129, at *26 (S.D. Fla. Dec. 11, 2008).

**IV.  <u>Conclusion</u>**

Plaintiffs have satisfied the requirements of Fed. R. Civ. P. 23(a), and this Court finds that Plaintiffs have also satisfied the requirements of Rule 23(b)(3). As a result, this Court grants Plaintiffs' Motion for Class Certification.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiffs' Motion for Class Certification (Doc. # 60) is **GRANTED.**

(2)  Plaintiffs' Motion for Oral Argument or, in the Alternative, Motion for Leave to File a Reply to Defendants' Response in Opposition to Motion for Class Certification (Doc. # 72) is **DENIED.**

(3)  Papa John's International and Papa John's USA's Unopposed Motion for Leave to File a Supplemental Brief in Opposition to Class Certification (Doc. # 75) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of December, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record